■ CHRISTOS ALOIZOS et al., Respondents, v TRINITY REALTY CORPORATION, Defendant, and JDK GROUP, INC., Appellant.— Order, Supreme Court, New York County (Burton S. Sherman, J.), entered March 15, 1990, which denied defendant-appellant's motion for an order granting an extension of time to answer the complaint or compelling acceptance of the answer served December 22, 1989, and granted the plaintiffs-respondents' motion for a default judgment, unanimously affirmed, with costs.

Plaintiff Christos Aloizos was injured on February 8, 1989 when he fell from a scaffold while performing spackling work at 350 Hudson Street. The plaintiff was employed by Murray Hill Painters, the subcontractor of defendant-appellant JDK Group, Inc., the general contractor on the project at the building owned by defendant Trinity Realty Corporation. Despite having been granted an extension of time to answer the complaint, conditioned on waiver of jurisdictional defenses, defendant JDK failed to timely serve an answer pursuant to

the stipulation. Moreover, the answer which was served raised jurisdictional defenses despite the agreement to waive those defenses.

While the court has broad discretion in granting applications for extensions of time to answer under CPLR 3012 (d) upon such terms as may be just and upon a showing of reasonable excuse for delay (see, Mufalli v Ford Motor Co., 105 AD2d 642, 643), the refusal to grant such relief in this case, despite the fact that defendant moved prior to the plaintiffs' motion for a default judgment (see, Junior v City of New York, 85 AD2d 683), was not an abuse of discretion. The failure to answer, contrary to the defendant's counsel's characterization of it, was not inadvertent, but was the result of the defendant's attempt to obtain the benefit of the stipulation extending its time to answer, which was conditioned on defendant's waiver of its jurisdictional defense, without fulfilling that condition. The delay can in no way be characterized as law office failure.

Examination of the affidavit of merits submitted by the defendant and signed by its office manager Francis Cohen, indicates that it is indeed conclusory and would have been insufficient even if it were properly notarized. Thus, in this situation where Labor Law § 240 imposes strict liability, the motion and cross-motion were properly decided notwithstanding the fact that there was minimal prejudice to the plaintiffs in terms of time lost. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.