■ Sylvia Feffer, Respondent, v Pasquale J. Malpeso, Appellant. [619 NYS2d 46] —Orders of the Supreme Court, New York County (Karla Moskowitz, J.), both entered on or about March 28, 1994, which respectively denied defendant's motion to vacate his default in answering, and denied defendant's motion to vacate plaintiff's note of issue filed to obtain an inquest on the issue of damages, are unanimously reversed, on

the law and facts and in the exercise of discretion, and the motions by defendant to vacate both the default and the inquest are granted, without prejudice to a new submission by plaintiff upon proper papers, with costs and disbursements payable by plaintiff.

Plaintiff brought this action for injuries which occurred due to the alleged malpractice of defendant dentist. After defendant's time to answer had expired, plaintiff moved for and was granted a default judgment. Thereafter, the IAS Court denied defendant's motion to vacate his default and plaintiff's note of issue for an inquest on the basis that defendant did not have a reasonable excuse for his default and failed to show a meritorious defense to the action.

In support of her motion for default judgment, plaintiff submitted a complaint verified by counsel. We have previously held that a complaint verified by counsel amounts to no more than an attorney's affidavit and is insufficient to support entry of judgment pursuant to CPLR 3215 (*Joosten v Gale,* 129 AD2d 531, 534). Therefore, plaintiff's entry of default judgment was erroneous and must be deemed a nullity (*see, Mullins v DiLorenzo,* 199 AD2d 218, 219-220, citing, *inter alia, Joosten v Gale, supra,* at 534). Further, plaintiff submitted no substantiation of the alleged malpractice, except through the complaint verified by her attorney, unsupported by any other form of documentary or testimonial evidence. "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action (*see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3215.22-3215.27). The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts. Here, plaintiff failed to meet even that minimal standard. His complaint, verified as it is by his attorney, is pure hearsay, utterly devoid of evidentiary value" (*Joosten v Gale, supra,* at 535). In addition, plaintiff failed to file a certificate of merit, which is required to accompany a medical malpractice complaint (*see,* CPLR 3012-a; *Perez v Lenox Hill Hosp.,* 159 AD2d 251).

Since the complaint and supporting papers were insufficient to sustain a default judgment, the IAS Court was in error when it denied defendant's motion to vacate the default. Likewise, the court erred in denying defendant's motion to vacate the note of issue for an inquest, since it is now rendered academic in view of the vacatur of the default

judgment. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.