■ JUBERKY SILVERIO, Appellant, v CITY OF NEW YORK et al., Respondents. [698 NYS2d 669] —Order, Supreme Court, New York County (Louis York, J.), entered July 13, 1998, which denied plaintiff's motion for a default judgment against the police officer defendants, and granted defendants' cross motion to compel acceptance of an answer on their behalf, upon payment of $350, unanimously affirmed, without costs.

Alleging personal injuries as the result of the acts of two on-duty police officers, plaintiff commenced this action against the City of New York and the two police officers. The City timely answered on its own behalf. Plaintiff moved for a default judgment against the police officers and defendants cross-moved for leave to interpose an answer on the police officers' behalf some three months after their time to answer had expired. The City maintained it was late in answering on the police officers' behalf due to its investigation of its obligation to defend them (General Municipal Law § 50-k [2]), and submitted the proposed answer, verified by an employee in the Corporation Counsel's office, as the statement of merit.

The court's refusal to enter a default judgment against the police officers was not an abuse of discretion (*see*, *Mufalli v Ford Motor Co.*, 105 AD2d 642; *cf.*, *Aloizos v Trinity Realty Corp.*, 171 AD2d 426). There was no showing that plaintiff suffered any prejudice by reason of the police officers' delay in answering the complaint, nor are there present other circumstances warranting deviation from New York's strong public policy in favor of litigating matters on the merits (*see*, *Scott v Allstate Ins. Co.*, 124 AD2d 481, 484). Finally, in the circumstances presented here, rigid adherence to a requirement that there be affidavits of merit by the police officers themselves would be inappropriate (*Drawhorn v Iglesias*, 254 AD2d 97; *Vines v Manhattan & Bronx Surface Tr. Operating Auth.*, 162 AD2d 229). Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.