(August 10, 2006)

■ Danielle Guzetti, Appellant, v City of New York et al., Respondents. [820 NYS2d 29]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 11, 2005, which denied plaintiff's motion for a default judgment against defendant Damm and to strike defendant City of New York's answer, and granted defendants' cross motion to compel acceptance of an amended answer nunc pro tunc, affirmed, without costs.

In this personal injury action against the City and its employee, a Correction Department captain, the motion court properly exercised its discretion in denying plaintiff's motion for a default judgment against the employee. Although plaintiff's detailed and sworn notice of claim constituted sufficient proof of her cause of action for purposes of CPLR 3215 (f), defendants demonstrated a reasonable excuse for their delay (see *Drawhorn v Iglesias*, 254 AD2d 97 [1998]; *Vines v Manhattan & Bronx Surface Tr. Operating Auth.*, 162 AD2d 229 [1990]). Defendants were not required to submit an affidavit of merit (see *Nason v Fisher*, 309 AD2d 526 [2003]). This State's public policy favors determinations on the merits (see CPLR 3012 [d]; *Silverio v City of New York*, 266 AD2d 129 [1999]).

The IAS court also properly exercised its discretion in denying plaintiff's motion to strike the City's answer, since plaintiff failed to establish that the City's delay in submitting defendant Damm's personnel records for an in camera review was willful or contumacious (see *Frye v City of New York*, 228 AD2d 182 [1996]; *Dauria v City of New York*, 127 AD2d 459 [1987]). We conclude that there has been substantial compliance by the City with the court-ordered discovery requirements.

To the extent that plaintiff argues that defendants' cross motion and affirmation in opposition were untimely, we find that plaintiff was not prejudiced by defendants' minimal delay (see *Glasz v Glasz*, 173 AD2d 937, 938 [1991]). The IAS court was well within its discretion to consider this cross motion where, as here, there is no evidence that plaintiff asked for an adjournment or otherwise sought an opportunity to submit a reply.

We have considered and rejected plaintiff's remaining arguments. Concur—Buckley, P.J., Tom and Nardelli, JJ.

Sullivan and McGuire, JJ., concur in a separate memorandum by McGuire, J., as follows: This appeal presents two procedural questions: (1) whether the five-day allowance accorded by CPLR 2103 (b) (2) applies when a party serves a cross motion by mail, and (2) whether a defendant seeking to compel acceptance of a late answer must proffer an affidavit of merit or demonstrate a meritorious defense where the plaintiff has neither obtained nor established entitlement to a default judgment.

On March 24, 2003, plaintiff commenced the instant action against the City of New York and Captain Dawn Damm, an employee of the City's Department of Correction, claiming, among other things, that Damm utilized excessive force in restraining plaintiff while plaintiff was being detained at a city correctional facility. The City timely answered the action on its own behalf. Service was ultimately effected on Damm on January 21, 2004 pursuant to CPLR 308 (2), with the affidavit of service being filed two days later. Damm failed to answer the action by March 3, 2004, the last date on which she could have interposed a timely answer (see CPLR 308 [2]; 3012 [c]; Siegel, NY Prac § 72, at 116 [4th ed] ["when CPLR 308 (2) is used, the defendant actually has 40 days in which to respond, measured from the filing of proof of service"]).

On January 20, 2005, plaintiff moved for a default judgment against Damm based on her failure to answer, and to strike the City's answer based on its failure to provide Supreme Court with a copy of Damm's personnel file for in camera review. On February 16, defendants served an "amended answer," which was identical to the City's answer save the addition of Damm as an answering defendant. Defendants subsequently cross-moved, in effect, to compel plaintiff to accept Damm's untimely answer. Defendants submitted no affidavit of merit and did not otherwise demonstrate a meritorious defense to the action. Supreme Court granted defendants' cross motion and denied plaintiff's motion in its entirety.

Supreme Court properly denied that aspect of plaintiff's motion that sought a default judgment against Damm. "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Joosten v Gale*, 129 AD2d 531, 535 [1987]; *see Resnick v Lebovitz*, 28 AD3d 533 [2006]). The quantum of proof necessary to support an application for a default judgment is not exacting; however, some firsthand confirmation of the facts forming the basis for the claim must be proffered (*see Feffer v*

*Malpeso*, 210 AD2d 60 [1994]; *see also Resnick*, supra, at 534 [plaintiffs "required to support their motion for a default judgment with at least enough facts to enable (the) court to determine that a viable cause of action exists" (citations and internal quotation marks omitted)]). CPLR 3215 (f) itself requires a party seeking a default judgment to submit proof of the facts constituting the claim.

Here, plaintiff submitted no affidavit in support of her motion, and her complaint was verified by her attorney, who had no personal knowledge of the facts giving rise to this action. Accordingly, these submissions were insufficient to permit entry of a default judgment against Damm (*see Finnegan v Sheahan*, 269 AD2d 491 [2000]; *Mullins v DiLorenzo*, 199 AD2d 218 [1993]; *Joosten, supra*).

The majority, relying on plaintiff's "detailed and sworn" notice of claim, finds that plaintiff made a sufficient showing to permit entry of a default judgment against Damm. The notice of claim included in the record on appeal is not verified. Although the parties do not dispute that it was in fact verified, nothing in the record on appeal sheds light on *how* it was verified. General Municipal Law § 50-e (2) requires, among other things, that a notice of claim be in writing and sworn to by or on behalf of the claimant. Thus, plaintiff could have satisfied section 50-e (2) by serving a notice of claim that she herself verified or one that had been verified on her behalf by counsel. A notice of claim verified by plaintiff would constitute evidence in admissible form that could support entry of a default judgment; however, one verified by counsel could not (*cf. Joosten*, 129 AD2d at 534 [complaint verified by counsel who lacks personal knowledge of the facts, although permissible for purposes of CPLR 3020 (d), is insufficient for purposes of CPLR 3215 (f)]). On the record before us, plaintiff failed to establish that she verified the notice of claim (*cf. Henriquez v Purins*, 245 AD2d 337 [1997] [third-party complaint could not be used as proof of third-party claim absent proof that verification of third-party complaint was served on third-party defendants before third-party plaintiff moved for default judgment]). Accordingly, the "facts" contained in the notice of claim are not in admissible form and cannot be used to establish that plaintiff has a viable claim on her motion for a default judgment.

Even assuming that plaintiff did verify her notice of claim, it is substantively deficient. Plaintiff's notice of claim states that, "[o]n March 27, 2002, at approximately 8:00 A.M. at [the facility], plaintiff was assaulted by . . . Dam[m] and others, she was then caused to be handcuffed without justification for several

hours. The handcuffs were improperly deployed negligent [*sic*] and/or intentionally resulting in severe injury and deformity to claimant." Brevity is not always a virtue. This recitation, containing nothing more than legal conclusions unsupported by pertinent details of the alleged incident, is insufficient to demonstrate the existence of a viable cause of action against Damm for assault, battery or civil rights violations under 42 USC § 1983.

With respect to defendants' cross motion, plaintiff contends that it was untimely. Plaintiff's motion for a default judgment against Damm, made when it was mailed on January 20, 2005 (*see* CPLR 2211, 2103 [b] [2]) and marked returnable on February 10, requested that defendants' answering papers, if any, be served at least seven days before the return date. The return date was adjourned by stipulation to February 28. Defendants made their cross motion on February 25 by mailing a copy thereof to plaintiff's attorney.

Notwithstanding plaintiff's request that all answering papers be served at least seven days before the return date, the cross motion was timely. CPLR 2215 provides that "[a]t least three days prior to the time at which the [underlying] motion is noticed to be heard, a party may serve upon the moving party a notice of cross-motion demanding relief . . . ." A cross motion is made when served, and therefore defendants' cross motion, served by mail three days prior to the stipulated return date, was timely (*see* Siegel, NY Prac, § 249, at 423 [4th ed]; Siegel, 2005 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C2215:1, 2006 Pocket Part, at 77; *see also* CPLR 2211).

Although there is authority that requires the five-day allowance accorded by CPLR 2103 (b) (2) to be added when a party serves a cross motion by mail (*D'Aniello v T.E.H. Slopes*, 301 AD2d 556 [2d Dept 2003]; *Perez v Perez*, 131 AD2d 451 [2d Dept 1987]), it is not binding on this Court. Under the plain and unambiguous language of CPLR 2103 (b) (2), the five-day allowance only applies "where a period of time prescribed by law *is measured from the service of a paper* and service is by mail" (emphasis added). No time period is measured from the service of a cross motion. Rather, the return date of the underlying motion—altered here by stipulation—acts as the measuring rod, setting all relevant time periods that follow (e.g., determining when cross motions must be made) (*see* Siegel, 1993 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C2215:1, 2006 Pocket Part, at 78). Therefore, defendants' cross motion was timely, and was properly considered by

Supreme Court. If plaintiff wanted an opportunity to submit opposition papers, a reply or both, she simply could have sought permission to submit them (*see* CPLR 2004).

Regarding the sufficiency of the papers supporting defendants' cross motion, the dispositive issue is whether defendants must proffer an affidavit of merit or otherwise demonstrate a meritorious defense to compel acceptance of Damm's untimely answer. CPLR 3012 (d) provides, in relevant part, that a "court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of [a] reasonable excuse for [the] delay or default." This subdivision was enacted in 1983 (L 1983, ch 318) for the express purpose of effectively overruling decisions that divested courts of the discretion to consider "law office failure" (*see* CPLR 2005) as a reason for pleading delays (*see* Report of Advisory Comm on Civ Prac, 1983 McKinney's Session Laws of NY, at 2877-2879; Mem of Office of Ct Admin, 1983 McKinney's Session Laws of NY, at 3014).

The legislative history behind CPLR 3012 (d) establishes that the potential merits of a defense are only one factor in the court's discretionary determination; the length of delay, the excuse offered, the absence (or presence) of willfulness and the possibility of prejudice to other parties to the action must also be considered and balanced in determining whether relief is appropriate (*see* Report of Advisory Comm on Civ Prac, 1983 McKinney's Session Laws of NY, at 2878-2879; Mem of Office of Ct Admin, 1983 McKinney's Session Laws of NY, at 3014-3015; Sponsor's Mem, 1983 NY Legis Ann, at 142, 143). This Court has repeatedly held that in the absence of a default order or judgment, an affidavit of merit is not an essential component of an application to compel acceptance of a late answer, but rather is one factor to be considered (*see e.g. Nason v Fisher*, 309 AD2d 526 [2003]; *DeMarco v Wyndham Intl.*, 299 AD2d 209 [2002]; *Terrones v Morera*, 295 AD2d 254 [2002]; *Mufalli v Ford Motor Co.*, 105 AD2d 642 [1984]; *see also Shure v Village of Westhampton Beach*, 121 AD2d 887 [1986]). Similarly, the Third Department does not require a defendant to make a showing of merit as a precondition to relief under CPLR 3012 (d) where the delay in answering is of relatively short duration (*see Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904 [2005], *lv dismissed* 5 NY3d 824 [2005]; *Special Prods. Mfg. v Douglass*, 159 AD2d 847 [1990]; *Continental Cas. Co. v Cozzolino Constr. Corp.*, 120 AD2d 779 [1986]).

However, the Second Department has held that "[a] defen-

dant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action *to avoid the entering of a default judgment or to extend the time to answer"* (*Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005] [internal quotation marks omitted], quoting *Ennis v Lema*, 305 AD3d 632, 633 [2003]). Apparently, the Second Department requires an affidavit of merit on every motion to extend the time to answer unless the motion is made before the time to plead has expired—even if no default order or judgment has been sought or rendered (*Juseinoski*, 15 AD3d at 357).

This approach is at odds with the legislative history of CPLR 3012 (d), which shows that the statute was meant both to recognize a distinction between delays in the service of pleadings and defaults that have resulted in an order or judgment, and to endow the courts with discretion and flexibility in dealing with the former (*see* Sponsor's Mem, 1983 NY Legis Ann, at 144; *see also* Report of Advisory Comm on Civ Prac, 1983 McKinney's Session Laws of NY, at 2879; Mem of Office of Ct Admin, 1983 McKinney's Session Laws of NY, at 3015).*

Moreover, the Court of Appeals decisions cited by the Second Department do not support its conclusion that an affidavit of merit *must* accompany a motion to extend the time to answer made after the time to do so has expired but before a default order or judgment has been sought or rendered. Those decisions did not construe CPLR 3012 (d), rather, they dealt with (1) defaults under CPLR 3012 (b), which requires a plaintiff who commences an action utilizing a summons with notice (*see* CPLR 305 [b]) to serve upon defendant a complaint within 20 days after service of a demand (*see Sammons v Freer*, 62 NY2d 1018 [1984], *affg for reasons stated below* 99 AD2d 896 [1984]; *see also Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904 [1985]; *A & J Concrete Corp. v Arker*, 54 NY2d 870 [1981]), and (2) viola-

---

* The late Senator Ronald Stafford, the sponsor of the legislation in the Senate, noted that "3012 (d) [wa]s enacted in order to preserve a distinction between delays in service of pleadings and defaults which have ripened to judgment or an order of dismissal, and to permit flexibility of treatment. Thus, although the language of 3012 (d) is substantially identical to that of 5015 (a) [statute permitting relief from default judgments], there is no intent to extend the full judicial gloss on 5015 (a) to [3012 (d)]. Specifically, *while the merits of the applicant's case may sometimes be an appropriate factor for consideration, routine insistence on a showing of merits in cases of short delay would be an unwarranted burden* . . . . This legislation attempts to recognize that the courts must have broad discretion to regulate litigation in the interests of justice, while preserving adherence to reasonable requirements of diligence as essential to the administration of justice" (Sponsor's Mem, 1983 NY Legis Ann, at 144 [emphasis added]).

tions of conditional orders of preclusion directing plaintiffs to serve defendants with bills of particulars (*see La Buda v Brookhaven Mem. Hosp. Med. Ctr.*, 62 NY2d 1014 [1984], *affg* 98 AD2d 711 [1983]; *Smith v Lefrak Org.*, 60 NY2d 828 [1983], *affg for reasons stated below* 96 AD2d 859 [1983]; *see also Fiore v Galang*, 64 NY2d 999 [1985], *affg* 105 AD2d 970 [1984]; *Amodeo v Radler*, 59 NY2d 1001 [1983], *affg* 89 AD2d 594 [1982]). *Tewari v Tsoutsouras* (75 NY2d 1 [1989]), also cited by the Court in *Juseinoski*, involved a plaintiff's failure to file a notice of medical malpractice action (*see* CPLR 3406). In *Tewari*, the Court of Appeals indicated that an affidavit of merit is required to vacate a pleading default, citing *Sammons* (*supra*), *La Buda* (*supra*), *Smith* (*supra*), and *A & J Concrete* (*supra*). However, the Court, which went on to state that the failure to file a notice of medical malpractice action was not a pleading defect, made no mention of a defendant's failure to timely answer. Thus, the Court of Appeals has not determined that an affidavit of merit is a precondition to relief under CPLR 3012 (d) where a defendant seeks to serve a late answer.

In light of the foregoing, I conclude that the absence of an affidavit of merit is not necessarily fatal to a motion to compel acceptance of a late answer, where the plaintiff has neither established her entitlement to a default judgment nor obtained such a judgment. Rather, the presence (or absence) of an affidavit of merit is one factor to consider in determining whether a defendant is entitled to relief under CPLR 3012 (d). Of course, a party acts at his or her peril if an affidavit of merit is not proffered.

Given that the absence of an affidavit of merit does not preclude consideration of the cross motion, I agree with the majority that Supreme Court providently exercised its discretion in granting the cross motion. The City was obligated to perform an investigation to ascertain whether it was statutorily required to defend and indemnify Damm (*see* General Municipal Law § 50-k). We have previously found that delay caused by such an investigation excuses the City's failure to timely answer an action on behalf of an employee (*see Silverio v City of New York*, 266 AD2d 129 [1999]; *see also Johnson v Marriott Mgt. Serv. Corp.*, 262 AD2d 141 [1999]; *Drawhorn v Iglesias*, 254 AD2d 97 [1998]; *Vines v Manhattan & Bronx Surface Tr. Operating Auth.*, 162 AD2d 229 [1990]). Additionally, Damm's proposed answer is identical in substance to the City's timely answer, and the City has actively defended this action. Thus, plaintiff can claim no prejudice as a result of Damm's failure timely to answer (*see Silverio, supra; see also Rooney v Webb Ave. Assoc.*, 1 AD3d 246 [2003]; *Higgins v Bellet Constr. Co.*, 287 AD2d 377 [2001]).

Finally, I agree with the majority's determination that Supreme Court providently exercised its discretion in denying that aspect of plaintiff's motion that sought to strike the City's answer. This aspect of plaintiff's motion is premised upon the City's failure to comply with three court orders and a stipulation requiring the City to provide Damm's disciplinary records to Supreme Court for in camera inspection. The City was first directed to produce the records by October 15, 2003. Failing to meet that deadline, the City's time to comply was extended to June 3, 2004 and again to August 5, 2004. After these deadlines passed, a so-ordered stipulation provided the City with yet another opportunity to fulfill its obligation to produce the records. However, the Assistant Corporation Counsel who appeared with the records on the ordered date failed to leave them with the court. The City's explanation for this failure, that plaintiff's counsel was not present, is unpersuasive. Plaintiff's counsel had no obligation to appear and his presence hardly would affect the ability of Supreme Court to review the records in camera.

On the basis of this pattern of disregard by the City of its discovery obligations, Supreme Court would have been justified in imposing a penalty for the City's repeated failures. However, on this record, I would not disturb Supreme Court's exercise of discretion, which is entitled to considerable but not unlimited deference (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223 [2003]; *Daniels v City of New York*, 291 AD2d 260 [2002]).

