Alexandre v Martinez (2018 NY Slip Op 03753)





Alexandre v Martinez


2018 NY Slip Op 03753


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6664N 152301/16

[*1] Donald Alexandre, et al., Plaintiffs-Appellants,
v
Police Officer Eric C. Martinez, et al., Defendants-Respondents.


Hausman & Pendzick, Harrison (Alan R. Gray Jr. of counsel), for appellants.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered October 16, 2017, which, inter alia, denied plaintiffs' motion for a default judgment against defendant Police Officer Eric C. Martinez, and granted defendants The City of New York and New York Police Department's cross motion for a stay pending resolution of an Internal Affairs Bureau investigation into the underlying incident, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiffs' motion to the extent of providing them with the right to enter a default judgment against Officer Martinez unless he serves an answer or otherwise moves with respect to the complaint within 30 days after service of a copy of this order with notice of entry, and otherwise affirmed, without costs.
The City defendants' opposition papers set forth both a reasonable excuse for delay in appearing on behalf of Officer Martinez, due to the existence of issues as to whether Corporation Counsel could represent him, and a meritorious defense, reflected in their timely answer that interposed affirmative defenses (see Silverio v City of N.Y. , 266 AD2d 129 [1st Dept 1999]; Drawhorn v Iglesias , 254 AD2d 97 [1st Dept 1998]). However, in light of the City defendants' withdrawal of their opposition and Officer Martinez's failure to oppose the motion, the motion should have been granted to the extent indicated above.
We need not reach the issue of the stay, which has since been lifted and rendered academic (see Sedita v Board of Educ. of City of Buffalo , 43 NY2d 827, 828 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK