**TD Bank, N.A. v Koumba Textile Inc.**

2024 NY Slip Op 30516(U)

February 15, 2024

Supreme Court, New York County

Docket Number: Index No. 652341/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LOUIS L. NOCK**      PART      **38M**

*Justice*

-----------------------------------------------------------------------------X

TD BANK, N.A.,

                Plaintiff,

                - v -

KOUMBA TEXTILE INC. and OUSMANE SAMPIL,

                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652341/2023 |
| **MOTION DATE** | 11/02/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28

were read on this motion for            DEFAULT JUDGMENT            .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, the plaintiff's motion for a default judgment is granted, without opposition, and for the reasons set forth in the motion papers, and per the following memorandum decision.

**Background**

On July 5, 2019, plaintiff TD Bank, N.A., extended a commercial line of credit for $50,500 (the "Loan") to defendant Koumba Textile Inc. ("Borrower"), as evidenced by a "Promissory Note" (the "Note") and "Business Loan Agreement" (the "Loan Agreement") (Hall-Mitchell aff., NYSCEF Doc. No. 6, ¶¶ 6–8). The Loan was secured by a certain executed "Commercial Guaranty," whereby defendant Ousmane Sampil ("Guarantor") absolutely and unconditionally guaranteed payment of all amounts due on the Loan (the "Guaranty") owed by Borrower to plaintiff (*id.*, ¶¶ 18–21). To further secure payment of the Loan, Borrower executed a certain "Commercial Security Agreement," whereby Borrower granted plaintiff a security interest in all of Borrower's assets as defined in the Commercial Security Agreement (the

[* 1]

"Collateral") (the Note, Loan Agreement, Commercial Guaranty, Commercial Security Agreement, and all related loan documents are collectively referred to hereinafter as the "Loan Documents"), which security interest was perfected by a UCC-1 Financing Statement (*id.*, ¶¶ 22–23).

As more fully set forth in the affidavit of Kimberly Hall-Mitchell, plaintiff's assistant vice president, Borrower defaulted on the Loan by failing to make monthly payments, as required under the Loan Documents (the "Stated Default"), starting with the November 5, 2022, payment and each monthly payment thereafter (*id.*, ¶ 26). Despite plaintiff's declaration of the Stated Default, acceleration of the Loan, and demands for immediate payment of all amounts due on the Loan on February 17, 2023, and again on April 13, 2023, Borrower and Guarantor remain in default under the terms of the Loan Documents (*id.*, ¶¶ 27–28). As of August 10, 2023, the total amount of plaintiff's alleged damages against both defendants is $56,715.42 (*id.*, ¶ 29).

Plaintiff commenced this action on May 15, 2023 (summons and complaint, NYSCEF Doc. No. 1). Affidavits of service, regular on their faces, attest to service on Borrower by service on the Secretary of State on May 26, 2023, pursuant to Business Corporations Law § 306(b) (NYSCEF Doc. No. 3), and on Guarantor by delivery and mailing to his dwelling place pursuant to CPLR 308(2), with service completed on May 30, 2023 (NYSCEF Doc. No. 2). An affirmation of additional service filed in support of the motion attests to the requisite additional mailing pursuant to CPLR 3215(g)(4)(i) and 3215(g)(3)(i) on September 19, 2023, more than twenty days in advance of entry of judgment (Espinal aff., NYSCEF Doc. No. 25, ¶¶ 2–3). Defendants' time to respond to the complaint has expired, and they have neither appeared nor answered the complaint. There is no opposition to the motion.

**652341/2023 TD BANK, N.A. vs. KOUMBA TEXTILE INC. ET AL**
**Motion No. 001**

**Page 2 of 5**

**Standard of Review**

A plaintiff that seeks entry of a default judgment for a defendant's failure to answer must submit proof of service of the summons and complaint upon the defendant, proof of the facts constituting the claim, and proof of the defendant's default (CPLR 3215[f]).  "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]).  "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]).  Nevertheless, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Guzetti v City of N.Y.,* 32 AD3d 234, 235 [1st Dept 2006] [internal quotations and citations omitted]).

**Discussion**

Plaintiff has satisfied its burden on the motion by submission of the affidavits of service on defendants (NYSCEF Doc. Nos. 2, 3), the affirmation of additional mailing on defendants (NYSCEF Doc. No. 25, ¶¶ 2–3), the affirmation of plaintiff's counsel Angel F. Espinal, Esq. attesting to defendants' default (Espinal aff., NYSCEF Doc. No. 14, ¶¶ 4–11), and Hall-Mitchell's affidavit, which attests to the facts alleged in the complaint and the amount of plaintiff's damages (Hall-Mitchell aff., NYSCEF Doc. No. 6, ¶¶ 6–8).  Defendants have never appeared in the action, nor did they submit any opposition to the motion.  Plaintiff is, therefore, entitled to entry of a default judgment against defendants.

The Note, Loan Agreement, and Guaranty all contain attorney fee provisions (*see*, Note at 1; Loan Agreement at 4; Guaranty at 3).  Plaintiff's counsel has submitted an Affirmation of

652341/2023   TD BANK, N.A. vs. KOUMBA TEXTILE INC. ET AL
Motion No.  001

Page 3 of 5

3 of 5

Legal Fees, Costs and Expenses (NYSCEF Doc. No. 19) which sets forth what, based on this court's application of the applicable standards (*see, In re Freeman's Estate*, 34 NY2d 1 [1974]), constitutes reasonably incurred legal fees in this matter, amounting to $2,208.78.

Accordingly, it is

ORDERED that the plaintiff's motion for a default judgment is granted; and, accordingly, it is

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against both defendants, jointly and severally, in the principal amount of $49,898.80, with interest on said principal amount at the statutory rate from February 27, 2023,[1] through the date of entry of judgment, as calculated by the Clerk, and continuing to accrue thereafter through the date of satisfaction of judgment, and in the additional sum of $2,208.78 as plaintiff's reasonable attorneys' fees incurred in this action; and it is further

ORDERED that, within 14 days of the date of filing hereof, defendant Koumba Textile Inc. is compelled to make available to plaintiff TD Bank, N.A., the collateral described in the UCC-1 Financing Statement filed in this action (NYSCEF Doc. No. 11) (the "Collateral"), for sale or other disposition pursuant to the Uniform Commercial Code; and it is further

ORDERED that plaintiff TD Bank, N.A., is authorized to sell, liquidate, dispose of or retain the Collateral in a commercially reasonable manner, with the proceeds from the same being applied first to the costs of such sale or other disposition and then in reduction of the amounts due from defendant Koumba Textile Inc.; and it is further

ORDERED that defendant Koumba Textile Inc. is restrained from any use of the Collateral; and it is further

---

[1] The acceleration date of the indebtedness as alleged in the complaint (¶ 19).

**652341/2023   TD BANK, N.A. vs. KOUMBA TEXTILE INC. ET AL**
**Motion No.  001**

**Page 4 of 5**

[* 4]

4 of 5

ORDERED that defendant Koumba Textile Inc. is required to hold all the Collateral and all proceeds from the Collateral in trust for TD Bank, N.A.; and it is further

ORDERED that, upon entry of judgment herein by the Clerk of the Court, the sheriff of any county of the State of New York in which the Collateral is located, upon receipt of a copy of this Decision and Order, and such judgment, and upon the payment by plaintiff of said sheriff's fees, is directed to break open, enter, search for, and seize the Collateral and deliver same to plaintiff.

This constitutes the decision and order of the court.

ENTER:

_____

| **2/15/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | | |
| **CHECK ONE:** | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652341/2023   TD BANK, N.A. vs. KOUMBA TEXTILE INC. ET AL                Page 5 of 5
Motion No.  001

5 of 5