| |
|---|
| **Beacon Sales Acquisition Inc. v Fitzcon Constr./Ren Corp.** |
| 2024 NY Slip Op 30828(U) |
| March 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152878/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

152878/2023

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. LOUIS L. NOCK**         **PART**      **38M**

*Justice*

-----------------------------------------------------------------------------X

BEACON SALES ACQUISITION INC.,

                  Plaintiff,

            - v -

FITZCON CONSTRUCTION/REN CORP., FITZCON
CONSTRUCTION GC INC., LIAM O'SULLIVAN, MJM
ASSOCIATES CONSTRUCTION LLC, and
WESTCHESTER FIRE INSURANCE COMPANY,

                  Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152878/2023 |
| **MOTION DATE** | 11/16/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44

were read on this motion for          DEFAULT JUDGMENT        .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, the plaintiff's motion seeking entry of a default judgment

is granted, on default and without opposition, in accordance with the following memorandum

decision.

*The Complaint:*

Plaintiff Beacon Sales Acquisition Inc. d/b/a Beacon Building Products and Allied

Building Products ("Beacon") sued defendants Fitzcon Construction/Ren Corp. d/b/a Fitzcon

Construction, Fitzcon Construction GC Inc., d/b/a Fitzcon Construction (collectively, "Fitzcon")

and Liam O'Sullivan ("O'Sullivan")[1] for foreclosure of a mechanics' lien (first cause), breach of

contract (second cause), goods sold and delivered (third cause), finance charges (fourth cause),

attorneys' fees (fifth cause), and account stated (sixth cause); and further sued O'Sullivan for

---

[1] Defendants MJM Associates Construction LLC and Westchester Fire Insurance Company are no longer in the case (*see*, NYSCEF Doc. No. 45 [Stipulation of Discontinuance]).

**152878/2023   BEACON SALES ACQUISITION INC. vs. FITZCON CONSTRUCTION/REN CORP. ET AL**
**Motion No.  001**
                **Page 1 of 5**

1 of 5

breach of a personal guaranty (seventh cause).  An eighth cause of action is asserted against

defendants for violation of Lien Law article 3-A (fraudulent diversion of trust funds).  A ninth

cause of action is asserted against defendants involving a bounced check.

Plaintiff now moves for a default judgment against Fitzcon and O'Sullivan on its

aforesaid second through seventh causes of action.[2]

*Factual and Procedural Background:*

On November 6, 2015, O'Sullivan, as principal of Fitzcon, executed a Credit Application

and Agreement (the "Agreement") for plaintiff's sale and delivery of building materials to

defendants, including a personal guaranty of the Agreement by O'Sullivan (Credit Application

and Agreement, NYSCEF Doc. No. 27).  As more fully set forth in the affidavit of Todd

Strouman, regional credit manager of plaintiff, from January 8, 2020, to December 12, 2022,

plaintiff sold and delivered building materials to Fitzcon, which Fitzcon accepted for use and

incorporation into certain real estate properties (Strouman aff., NYSCEF Doc. No. 25, ¶¶ 4-8).

On January 8, 2020, finance charges began accruing against defendants, and a balance of

$35,867.47, plus $2,639.45 in late payment charges of 2% per month pursuant to the Agreement,

remains due and owing to plaintiff (*id.* ¶¶ 8-12; statement and invoices, NYSCEF Doc. No. 28).

Plaintiff commenced this action on March 28, 2023 (summons and complaint, NYSCEF

Doc. No. 1).  Affidavits of service, regular on their face, attest to service on Fitzcon by service

on the Secretary of State on April 5, 2023, pursuant to Business Corporations Law § 306(b)

(NYSCEF Doc. No. 6, 7) and to service on O'Sullivan by delivery and mailing on April 3, 2023,

---

[2] Instead of including the eighth and ninth causes of action in its motion for a default judgment, plaintiff asks the court to preserve those causes for continued litigation against the defaulting defendants – Fitzcon and O'Sullivan – without explaining why (*see*, Notice of Motion [NYSCEF Doc. Nos. 22, 38]; Attorney Affirmation [NYSCEF Doc. No. 23 ¶ 32]).  Accordingly, the court holds that request (to sever and continue the eighth and ninth causes of action) in abeyance pending further, explanatory, affirmation submission, per the terms of the concluding decree herein.

**152878/2023   BEACON SALES ACQUISITION INC. vs. FITZCON CONSTRUCTION/REN CORP.        Page 2 of 5
ET AL
Motion No.  001**

proof of which was filed on April 5, 2023 (NYSCEF Doc. No. 4). An affirmation of additional service filed in support of the motion attests to the requisite additional mailing on defendants pursuant to CPLR 3215(g)(3)(ii) and (4)(ii) on April 11, 2023, more than twenty days in advance of entry of judgment (NYSCEF Doc. No. 17). Defendants' time to respond to the complaint has expired, and they have neither appeared or answered the complaint. Moreover, there is no opposition to the motion.

*Standard of Review:*

A plaintiff that seeks entry of a default judgment for a defendant's failure to answer must submit proof of service of the summons and complaint upon the defendant, proof of the facts constituting the claim, and proof of the defendant's default (CPLR 3215[f]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Nevertheless, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the *prima facie* validity of the uncontested cause of action" (*Guzetti v City of N.Y.,* 32 AD3d 234, 235 [1st Dept 2006] [internal quotations and citations omitted]).

*Discussion:*

Plaintiff has satisfied its burden on the motion by submission of the affidavits of service on defendants (NYSCEF Doc. No. 4, 6, 7), the affirmation of additional mailing on defendants (NYSCEF Doc. No. 17), the affirmation of plaintiff's counsel Lisa A. Schwartz, Esq., attesting to defendants' default (Schwartz aff., NYSCEF Doc. No. 23, ¶ 23), and Strouman's affidavit,

**152878/2023   BEACON SALES ACQUISITION INC. vs. FITZCON CONSTRUCTION/REN CORP.   Page 3 of 5
ET AL
Motion No.  001**

[* 3]

which attests to the facts alleged in the complaint and the amount of plaintiff's damages (Strouman aff., NYSCEF Doc. No. 7, ¶¶ 3-7). Defendants have never appeared in the action, nor did they submit any opposition to the motion. The court concurs with the points raised in support of the motion and, therefore, grants the motion.

In addition, the Agreement contains an attorneys' fees provision (*see* NYSCEF Doc. No. 27, ¶ 4), and plaintiff's counsel has submitted an affirmation in support of the motion setting forth attorneys' fees and expenses of $4,418.75 (Schwartz aff., NYSCEF Doc. No. 24, ¶ 7; slip listing, NYSCEF Doc. No. 35). Based on this court's application of the applicable standards for assessment of reasonableness of fees (*see In re Freeman's Estate*, 34 NY2d 1 [1974]), that amount constitutes reasonably incurred legal fees in this matter.

Accordingly, it is

ORDERED that plaintiff's motion for a default judgment against Fitzcon and O'Sullivan is granted as to plaintiff's second through seventh causes of action; and, accordingly, it is

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff Beacon Sales Acquisition Inc. d/b/a Beacon Building Products and Allied Building Products and against defendants Fitzcon Construction/Ren Corp. d/b/a Fitzcon Construction, and Fitzcon Construction GC Inc., d/b/a Fitzcon and Liam O'Sullivan, jointly and severally, in the principal amount of $38,506.92 ($35,867.47 plus $2,639.45 in late payment charges) (the "Principal Amount"), with interest on the Principal Amount at the statutory rate from January 8, 2020, through the date of entry of judgment, as calculated by the Clerk, and continuing to so accrue thereafter through the date of satisfaction of judgment, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs, and in the additional sum of $4,418.75 as plaintiff's reasonable attorneys' fees incurred in this action; and it is further

**152878/2023 BEACON SALES ACQUISITION INC. vs. FITZCON CONSTRUCTION/REN CORP. ET AL**
**Motion No. 001**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED that plaintiff's application to sever and continue its eighth and ninth causes of action against defendants Fitzcon and O'Sullivan is denied pending submission by plaintiff's counsel of a supplemental affirmation explaining the reasons for continued litigation of those causes of action against Fitzcon and O'Sullivan, to be filed no later than 21 days from the date of filing hereof and, in the absence of such supplementation, said causes of action will be deemed abandoned for failure to be included in the within motion for a default judgment; and it is further

ORDERED that the action is dismissed, as discontinued, as to defendants MJM Associates Construction LLC and Westchester Fire Insurance Company, per the stipulation of discontinuance filed by the parties (NYSCEF Doc. No. 45); and, accordingly, it is further

ORDERED that the plaintiff's first cause of action (foreclosure of mechanic's lien) is dismissed as moot, as to defendants MJM Associates Construction LLC and Westchester Fire Insurance Company, and further dismissed as abandoned, as to defendants Fitzcon and O'Sullivan.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| **3/12/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152878/2023   BEACON SALES ACQUISITION INC. vs. FITZCON CONSTRUCTION/REN CORP.**          **Page 5 of 5**
**ET AL**
**Motion No. 001**

5 of 5

[* 5]