| |
|---|
| **Redlyn Elec. Corp. v Ant Yapi N.Y., LLC** |
| 2024 NY Slip Op 30946(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653268/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. LOUIS L. NOCK**

*Justice*

PART 38M

------------------------------------------------------------------------------X

REDLYN ELECTRIC CORP. d/b/a LOUIS SHIFFMAN ELECTRIC,

Plaintiff,

- v -

ANT YAPI NEW YORK, LLC,

Defendant.

------------------------------------------------------------------------------X

INDEX NO. 653268/2023

MOTION DATE 11/27/2023

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27

were read on this motion for _____DEFAULT JUDGMENT_____ .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's motion seeking entry of a default judgment is granted, on default and without opposition, in accordance with the following memorandum decision.

**Background**

In this action, plaintiff Redlyn Electric Corp. d/b/a Louis Shiffman Electric seeks payment for electrical materials that it sold and delivered to defendant Ant Yapi New York, LLC (summons and complaint, NYSCEF Doc. No. 1, ¶ 3). On December 5, 2019, defendant signed a credit application, which included plaintiff's terms and conditions of sale, to induce plaintiff to sell electrical materials to defendant on credit (Agreement and Application for Account or Credit, NYSCEF Doc. No. 17). As more fully set forth in the affidavit of Brett Goldman, plaintiff's controller, defendant issued a purchase order in late November 2019 to purchase electrical materials for a building project, which from February 2020 to July 2022 plaintiff

**653268/2023   REDLYN ELECTRIC CORP. D/B/A LOUIS SHIFFMAN ELECTRIC vs. ANT YAPI NEW YORK, LLC**
**Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

delivered and defendant accepted (Goldman aff., NYSCEF Doc. No. 15, ¶¶ 12-19). However, defendant failed to pay the full agreed price of the materials, and a principal balance remains due and owing to plaintiff in the amount of $27,855.78 (*id.*, ¶ 15; account statement and invoices, NYSCEF Doc. No. 18).

Plaintiff commenced this action on July 7, 2023 (NYSCEF Doc. No. 1). An affidavit of service, regular on its face, attests to service on the Secretary of State on July 11, 2023, pursuant to Business Corporation Law § 306(b) (NYSCEF Doc. No. 21). An affirmation of additional service filed in support of the motion attests to the requisite additional mailing pursuant to CPLR 3215(g)(4)(i) on July 13, 2023, more than twenty days in advance of entry of judgment (Sawh aff., NYSCEF Doc. No. 22). Defendant's time to respond to the complaint has expired, and it has neither appeared nor answered the complaint. Moreover, there is no opposition to the motion.

**Standard of Review**

A plaintiff that seeks entry of a default judgment for a defendant's failure to answer must submit proof of service of the summons and complaint upon the defendant, proof of the facts constituting the claim, and proof of the defendant's default (CPLR 3215[f]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Nevertheless, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the

**653268/2023  REDLYN ELECTRIC CORP. D/B/A LOUIS SHIFFMAN ELECTRIC vs. ANT YAPI
NEW YORK, LLC
Motion No.  001**

Page 2 of 4

2 of 4

*prima facie* validity of the uncontested cause of action" (*Guzetti v City of New York*, 32 AD3d 234, 235 [1st Dept 2006] [internal quotations and citations omitted]).

### Discussion

Plaintiff has satisfied its burden on the motion by submission of the affidavit of service on defendant (NYSCEF Doc. Nos. 21) and the affirmation of additional mailing on defendant (NYSCEF Doc. No. 22), the affirmation of plaintiff's counsel Jill Levi, Esq., attesting to defendant's default (NYSCEF Doc. No. 19, ¶ 9), and Goldman's affidavit, which attests to the facts alleged in the complaint and the amount of plaintiff's damages (NYSCEF Doc. No. 15). Defendant has never appeared in the action, nor did it submit any opposition to the motion. The court concurs with the points raised in support of the motion and, therefore, grants the motion.

Accordingly, it is

ORDERED that the motion for a default judgment is granted; and, accordingly, it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff Redlyn Electric Corp. d/b/a Louis Shiffman Electric and against defendant Ant Yapi New York, LLC in the amount of $27,855.78, with interest thereon at the statutory rate from September 1, 2022, through entry of judgment, as calculated by the Clerk, and continuing to accrue thereafter through satisfaction of judgment, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff's third cause of action for attorneys' fees, fourth cause of action for quantum meruit, and fifth cause of action for unjust enrichment are dismissed as withdrawn, per plaintiff's affirmation (NYSCEF Doc. No. 19, ¶ 12).

**653268/2023   REDLYN ELECTRIC CORP. D/B/A LOUIS SHIFFMAN ELECTRIC vs. ANT YAPI**
**NEW YORK, LLC**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 3/19/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

**CHECK ONE:**    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

     [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

**APPLICATION:**    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**653268/2023 REDLYN ELECTRIC CORP. D/B/A LOUIS SHIFFMAN ELECTRIC vs. ANT YAPI NEW YORK, LLC**
**Motion No. 001**

**Page 4 of 4**

[* 4]

4 of 4