| |
|---|
| **Board of Mgrs. of Liberty Terrace Condominium v Little** |
| 2024 NY Slip Op 33593(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160474/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LOUIS L. NOCK**                          PART                38M

*Justice*

--------------------------------------------------------------------------------X

THE BOARD OF MANAGERS OF LIBERTY TERRACE CONDOMINIUM,

|  |  |
|---|---|
| **INDEX NO.** | 160474/2023 |
| **MOTION DATE** | 02/01/2024 |
| **MOTION SEQ. NO.** | 001 |

Plaintiff,

- v -

MICHAEL LITTLE, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK SUPREME COURT, NY STATE DEPARTMENT OF TAXATION AND FINANCE, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, PARKING VIOLATION BUREAU OF THE CITY OF NEW YORK, TRANSIT ADJUDICATION BOARD OF THE CITY OF NEW YORK, and JOHN DOE # 1 THRU JOHN DOE # 5,

**DECISION + ORDER ON MOTION**

Defendants.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28

were read on this motion for     ORDER OF REFERENCE/REFERENCE TO COMPUTE                    .

LOUIS L. NOCK, J.S.C.

Plaintiff commenced this action to foreclose a lien for unpaid common charges upon Unit 15E in the condominium located at 380 Rector Place, New York, New York, owned by defendant Michael Little. "Such lien may be foreclosed by suit authorized by and brought in the name of the board of managers, acting on behalf of the unit owners, in like manner as a mortgage of real property" (Real Property Law § 339-aa). Plaintiff now seeks a default judgment against defendants, the appointment of a referee to compute the amount due on the lien, and the appointment of a receiver to collect statutory rent on the unit.

A plaintiff that seeks entry of a default judgment for a defendant's failure to answer must submit proof of service of the summons and complaint upon the defendant, proof of the facts

160474/2023   THE BOARD OF MANAGERS OF LIBERTY CONDOMINIUM vs. LITTLE, MICHAEL         Page 1 of 5
ET AL
Motion No.  001

[* 1]

constituting the claim, and proof of the defendant's default (CPLR 3215). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Nevertheless, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Guzetti v City of New York*, 32 AD3d 234, 235 [1st Dept 2006] [internal quotations and citations omitted]).

Here, plaintiff submits the affidavits of service upon the non-appearing defendants (NYSCEF Doc. Nos. 3-14), the affidavit of its managing agent (NYSCEF Doc. No. 18), the declaration and by-laws of the condominium (NYSCEF Doc. No. 19), defendant Little's deed for Unit 15E (NYSCEF Doc. No. 20), the lien for unpaid common charges and other fees (NYSCEF Doc. No. 21), the ledger for Unit 15E (NYSCEF Doc. No. 23), and the affirmation of its counsel Scot Mackoff, Esq., who attests that none of the defendants have appeared or answered the complaint (Mackoff affirmation, NYSCEF Doc. No. 17, ¶¶ 30-33). The documentary evidence establishes that Little ceased paying common charges and assessments in June 2023, which unpaid balance continues to accrue, along with late fees and legal fees as provided by the by-laws. Accordingly, plaintiff is entitled to a default judgment against defendants.

THEREFORE, upon the documents referenced above, and upon the summons, complaint, and lis pendens duly filed with the Clerk of the County of New York on October 26, 2023, and the plaintiff having appeared by its attorneys Mitofsky Shapiro Neville & Hazen, LLP, and defendants Michael Little, Criminal Court of the City of New York, New York Supreme Court,

160474/2023   THE BOARD OF MANAGERS OF LIBERTY CONDOMINIUM vs. LITTLE, MICHAEL ET AL
Motion No.  001

Page 2 of 5

2 of 5

[* 2]

New York State Department of Taxation and Finance, the Environmental Control Board of the City of New York, Parking Violation Bureau of the City of New York, and Transit Adjudication Board of the City of New York having defaulted in appearance, and due deliberation having been had upon the above cited papers,

NOW, upon motion of Mitofsky Shapiro Neville & Hazen LLP, attorneys for plaintiff, it is hereby

ORDERED that the motion of plaintiff the Board of Managers of Liberty Terrace Condominium for default judgment against defendants Michael Little, Criminal Court of the City of New York, New York Supreme Court, New York State Department of Taxation and Finance, the Environmental Control Board of the City of New York, Parking Violation Bureau of the City of New York, and Transit Adjudication Board of the City of New York is granted, on default and without opposition; and it is further

ORDERED that Lawrence B. Goodman, Esq., with an office at 419 Park Avenue South, Suite 1007, New York, NY 10016, is hereby appointed Referee to ascertain and compute the amount due upon the lien which this action was brought to foreclose, and to examine and report whether the liened premises can be sold in one parcel; and it is further

**160474/2023 THE BOARD OF MANAGERS OF LIBERTY CONDOMINIUM vs. LITTLE, MICHAEL ET AL**
**Motion No. 001**
**Page 3 of 5**

[* 3]
3 of 5

ORDERED that defendants captioned "John Doe # 1 through John Doe # 5" are not necessary parties defendant and should be excised from the caption, and the caption is amended to read as follows, without prejudice to any of the proceedings heretofore had herein:

```
"------------------------------------------------------------------------------X
THE BOARD OF MANAGERS OF LIBERTY TERRACE
CONDOMINIUM,

                                        Plaintiff,
                        - v-

MICHAEL LITTLE, CRIMINAL COURT OF THE CITY OF
NEW YORK, NEW YORK SUPREME COURT, NY STATE
DEPARTMENT OF TAXATION AND FINANCE,
ENVIRONMENTAL CONTROL BOARD OF THE CITY OF
NEW YORK, PARKING VIOLATION BUREAU OF THE CITY
OF NEW YORK, and TRANSIT ADJUDICATION BOARD OF THE
CITY OF NEW YORK,

                                        Defendants.
------------------------------------------------------------------------------X"; and it is further
```

ORDERED that upon the issuance of the Referee's report and confirmation of same, plaintiff Board of Managers of Liberty Terrace Condominium may seek a final judgment of foreclosure and sale;[1] and it is further

ORDERED that a copy of this order with notice of entry shall be served upon the Clerk of the County and the Clerk of the General Clerk's Office (Room 119), who are hereby directed to mark their records to reflect the amended caption; and it is further

ORDERED, that the Plaintiff Board of Managers of the Liberty Terrace Condominium shall serve a copy of this Order upon the Referee appointed herein, and upon defendant Michael Little.

---

[1] Plaintiff's request is held in abeyance until the issuance of a final judgment of foreclosure and sale, as the rent due pursuant to Real Property Law § 339-aa is due for the period between issuance of a judgment and the actual sale of the property.

**160474/2023   THE BOARD OF MANAGERS OF LIBERTY CONDOMINIUM vs. LITTLE, MICHAEL ET AL**   **Page 4 of 5**
**Motion No.  001**

4 of 5

[* 4]

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 10/7/2024 | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160474/2023   THE BOARD OF MANAGERS OF LIBERTY CONDOMINIUM vs. LITTLE, MICHAEL ET AL
Motion No.  001

Page 5 of 5

5 of 5

[* 5]