■ MANUFACTURERS HANOVER TRUST COMPANY/SUFFOLK, N. A., Appellant, v RONALD COOPER et al., Defendants, and JUNE COOPER, Respondent.— In an action to recover the balance due on a promissory note, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated May 24, 1978, which, *inter alia,* granted defendant June Cooper's motion to open a default judgment previously entered against her. Order reversed, on the law, with $50 costs and disbursements, and motion denied. In April, 1974 plaintiff loaned nearly $12,000 to respondent's husband, defendant Ronald Cooper, and to defendant Continental Business Machines, Inc. Respondent's husband executed the note both as a borrower and as a comaker with respect to the corporation. The signature of one "June Cooper" appears as a comaker of the loan to Ronald Cooper. Respondent admits that, at least nominally, she was the president of Continental Business Machines, Inc. As a result of nonpayment on the note, the instant action was commenced in April, 1975. Respondent denies having actually received a copy of the summons and complaint, but it appears that service was properly effected pursuant to CPLR 308 (subd 2). *Respondent does admit having gone with her husband to an attorney's office in April, 1975, and having been shown the note in question at that time.* Respondent states that she told the attorney at that time that the signature "June Cooper" on the note was not hers. But she denies having been told that there was an action against her, and contends that she did not give the attorney any authorization to appear in her behalf. Significantly, no affidavit from that attorney appears in the record. The attorney she had spoken to filed a notice of appearance in this action, dated May 1, 1975, on behalf of all three defendants. The time to answer was extended twice on stipulations. No answer was ever served, however, and a default judgment was entered against all defendants on June 16, 1975. Thereafter, in March, 1976, respondent's husband took his own life. In August, 1976 respondent was served with a subpoena in enforcement proceedings. It is respondent's contention that this is the first time she knew about the default judgment. She claims she was told by the same attorney she had consulted in April, 1975 that nothing could be done about the default since a year had expired. Some 20 months then elapsed before the instant motion was brought, in April, 1978, to open the default. By order dated May 24, 1978, Special Term granted the motion. On these facts, it was an improvident exercise of discretion to open the prior judgment. Assuming, *arguendo,* that respondent was never served with a copy of the June 16, 1975 judgment with notice of entry, and that this motion is not time barred by the statute, respondent's proffered claims of ignorance do not rise to the level of "excusable default" (see CPLR 5015, subd [a], par 1). It

strains credulity to believe that respondent accompanied her husband to a lawyer's office during the same month that this action was commenced and discussed the note in question (including her purported signature thereon), yet had no idea that she was being sued nor that the lawyer she had spoken with was appearing in her behalf. The objective indicia in this case indicate that respondent was indeed represented by counsel at the time of her default and she should be held bound by that representation. Since no explanation is tendered as to why counsel failed to serve an answer, the default must be deemed to have been deliberate and willful. Titone, J. P., Margett, Martuscello and Mangano, JJ., concur.