■ CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Respondent, v EVERGREEN STEEL CORP., Defendants, and ALAN SCHREER, Appellant. — Order, Supreme Court, New York County (Maresca, J.), entered December 4, 1981 directing entry of judgment for $586,331.75, plus interest, costs and disbursements, is unanimously modified, on the law, to the extent of striking the last decretal paragraph and substituting therefor the following: "ORDERED, that judgment is directed in favor of Chase Manhattan Bank against defendant Alan Schreer in such sum as plaintiff proves pursuant to CPLR 3215 (subd [e]), with interest, costs and disbursements"; and the order is otherwise affirmed, without costs. Judgment, Supreme Court, New York County, entered December 4, 1981 pursuant to the foregoing order, is unanimously reversed, on the law, and vacated, without costs, pursuant to the foregoing modification. In view of the failure of defendant-appellant to show any meritorious defense, Special Term was correct in denying appellant's motion to vacate his default and to enlarge appellant's time to move or answer with respect to the complaint. Plaintiff was thereupon entitled to enter default judgment pursuant to CPLR 3215. Application for such judgment may be before the court (CPLR 3215, subd [b]) or on application to the clerk if "for a sum certain or for a sum which can by computation be made certain". (CPLR 3215, subd [a].) But the judgment can only be entered "upon submission of the requisite proof". (CPLR 3215, subd [a].) Such proof must include "proof by affidavit made by the party of the facts constituting the claim, the default and the amount due. Where a verified complaint has been served it may be used as the affidavit of the facts constituting the claim and the amount due". (CPLR 3215, subd [e].) The application for judgment does not appear to have contained such requisite proof. The complaint is not verified, and the supporting affidavit states that the third and fourth causes of action of the complaint "demand judgment in the amount of $1,215,532.80," after which certain credits are given. But nowhere is there a sworn statement that the $1,215,532.80 (or some specified portion thereof) is in fact the balance of account due, according to plaintiff's books or on any other basis. The problem is accentuated by the fact that the complaint alleges that the amount due and owing from the corporate defendant from

various loans and advances totaled $1,012,944, plus interest; and that the attorney's fees (for which apparently the corporate defendant is liable under the agreement) amount to $202,588, exactly 20% of the indebtedness. The sum of the indebtedness and the attorney's fees is the $1,215,532 sued for. This figure is the starting point of the supporting affidavit for the final judgment. That affidavit then credits the sum of $629,201 that has been received by plaintiff, thus reducing the balance presently due to $586,331, plus interest. Obviously, this $586,331 still includes $202,588 attorney's fees, which means that the unpaid loans and advances portion of the $586,331 for which judgment was granted is $383,743, and thus the attorney's fees awarded amount to more than 50% of the unpaid indebtedness. (We do not exclude the possibility that a major portion of the attorneys' services may have been in connection with the collection of the $629,201, which plaintiff credits against the amount sued on.) Plaintiff has failed to meet the requirements of CPLR 3215 (subds [a], [e]) of furnishing sufficient proof of the amount owed and the matter must be remanded for determination of the amount owed, either before the clerk, pursuant to CPLR 3215 (subd [a]), or the court, pursuant to CPLR 3215 (subd [b]). Concur — Silverman, J. P., Bloom, Fein and Alexander, JJ.