■ JOOSTEN v GALE.—Motion by defendant-appellant for an order granting leave to reargue is granted, and, upon reargument, (1) the order of this court, dated February 10, 1987 [127 AD2d 1016], affirming the order of the Supreme Court (Amos Bowman, J.), entered December 19, 1985, which granted plaintiff-respondent's motion for reargument of a prior order of the same court, and, upon reargument, denied defendant's motion to vacate a judgment entered against her on April 8, 1985, is vacated, and (2) the order of December 19, 1985 is unanimously modified, on the law, to the extent of (a) vacating the order of the Supreme Court (Ira Gammerman, J.), dated April 10, 1984, which held plaintiff's motion for a default judgment against defendant in abeyance pending a hearing on the issue of jurisdiction, (b) denying plaintiff's motion for an order pursuant to CPLR 3215 granting a default judgment against defendant without prejudice to renewal upon proper papers including either a complaint verified by plaintiff or an affidavit sworn to by him setting forth the facts constituting the claim and the amount due, and (c) vacating the judgment of the Supreme Court, New York County, entered April 8, 1985, and otherwise affirmed, without costs.

The action was brought to recover on a promissory note in the amount of $25,000. Although a copy of the affidavit of service is not included in the record, service was allegedly made pursuant to CPLR 308 (2) by leaving a copy of the summons and complaint with the doorman of defendant's New York City apartment building. Defendant, who says she was residing in Florida at the time of this alleged service, obtained notice of the action, but instead of answering, responded through Florida counsel by serving a "Notice of Special Appearance" stating that she had not resided in that apartment building for more than two years. Correctly regarding such special appearance to be a legal nullity, plaintiff moved for a default judgment. Plaintiff gave defendant notice of this motion *(but see,* CPLR 3215 [f] [1]; *see also,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.31), whereupon defendant retained a New York attorney and interposed opposition on the ground that the apartment building in question was not her

dwelling place or usual place of abode. She also stated that she was physically handicapped and could not travel to New York to defend the action, and that Florida was a better forum in which to try the case. Special Term (Gammerman, J.) held the motion in abeyance for a hearing before a Special Referee on the issue of whether defendant resided in the apartment building at the time service of process was allegedly made there.

Although defendant's New York attorney had notice of the traverse, which was adjourned apparently on consent, neither defendant nor her attorney appeared thereat. The Special Referee nevertheless took proof of service, and issued a report finding service to have been proper and recommending that plaintiff's motion for a default judgment be granted.

Plaintiff's motion to confirm the Special Referee's report was made on notice to defendant's New York attorney, but no opposition was interposed. Special Term (McCooe, J.) confirmed the report and directed entry of a default judgment in the amount of $25,000 with interest. Plaintiff thereupon caused a judgment to be entered, which with interest and costs amounted to $43,856. A copy of this judgment was served on defendant's New York attorney.

Substituting lawyers, defendant then made a motion to vacate the judgment, arguing that her failure to appear at the traverse was excusable and that she had a strong case on the merits. With respect to the merits, she pointed out that the instrument sued upon does not contain words of negotiability, and asserted, among other things, that she never received value from the person to whom she gave this "I.O.U." While defendant's proposed defenses were convincing, her excuse for not appearing at the traverse was not, amounting to nothing more than a bald statement that she was never apprised of the fact that the traverse had been scheduled. Plaintiff's opposition, consisting only of his attorney's affirmation, made an impressive showing that defendant's attorney knew of the traverse and that his failure to appear thereat was deliberate.

Special Term (Bowman, J.), apparently misapprehending that defendant was seeking to vacate the judgment on the ground that her failure to appear at the traverse was excusable, held her motion in abeyance for a second hearing on the issue of whether service was proper. Plaintiff, of course, immediately moved to reargue. Defendant's opposition was vigorous, but plainly without merit. There was simply no getting around the fact that there could be no basis for directing a

second traverse absent a finding that defendant's failure to appear at the first was excusable. Granting reargument, Special Term recalled its prior order directing a second traverse, and, finding that defendant failed to show a valid excuse for not appearing at the traverse, denied vacatur of the judgment on that ground notwithstanding possible merit to defendant's proposed defenses. It was from this order that defendant took the appeal.

We unanimously affirmed without opinion, and continue to be of the view that defendant failed to offer a reasonable excuse for not appearing at the traverse. She claims that she was not aware that the traverse had been ordered, but the record shows that if she herself was not so aware, her New York attorney was, and nowhere does she explain why he failed to appear at the traverse on her behalf (see, Manufacturers Hanover Trust Co. v Cooper, 71 AD2d 881).

On reargument of the appeal, defendant's attorney emphasizes, as he did on the appeal, the strong merits of defendant's various proposed defenses and that she never had her day in court. None of this would warrant reargument. However, he concludes his affirmation by noting that the only proof that plaintiff offered in support of his motion for a default judgment was a complaint verified by his attorney, who had no personal knowledge of the transaction. This point was raised by defendant on the appeal, and, because overlooked, reargument should be granted.

The order on appeal granted a motion by plaintiff for reargument, and, upon reargument, denied a motion by defendant to vacate a judgment granted on default. That order was necessarily affected by the prior order confirming the Special Referee's report and granting plaintiff a default judgment, which in turn was necessarily affected by the even earlier order directing a traverse on the issue of whether there was jurisdiction. Accordingly, this first order directing a traverse is subject to review (CPLR 5501 [a] [1]). We hold that Special Term, rather than directing a traverse, should have denied plaintiff's motion for a default judgment without prejudice to renewal upon proper papers including proof compliant with CPLR 3215 (e).

Plaintiff moved for a default judgment arguing that defendant's "Notice of Special Appearance" did not constitute an appearance in the action, and that she was therefore in default. Defendant opposed that motion on the ground that the service allegedly made pursuant to CPLR 308 (2) was ineffective to confer jurisdiction. Special Term directed a

traverse to resolve the jurisdictional issue raised by defendant, but, given the record that was before it, resolution of that issue was unnecessary. Just because the court has jurisdiction over a defaulting defendant does not mean that a default judgment automatically results. Not only is proof of jurisdiction and a default required on a motion for a default judgment, but also "proof by affidavit made by the party of the facts constituting the claim * * * and the amount due" (CPLR 3215 [e]). A verified complaint qualifies as such an affidavit (ibid.).

Here, the only proof offered by plaintiff attesting to the facts constituting his claim was the complaint, which was verified by his attorney. A complaint verified by an attorney, although permissible under CPLR 3020 (d) (3) where, as here, the client is not in the county where the attorney maintains his office, is insufficient for purposes of CPLR 3215 (e) when the attorney lacks personal knowledge of the facts constituting the claim (Colonial Country Club v Village of Ellenville, 89 AD2d 935).

The complaint consists of three paragraphs: (1) that defendant executed a promissory note to a nonparty; (2) that plaintiff is the owner and holder of such promissory note; and (3) that defendant failed to pay such note after due demand. Although the record does contain an affirmation from plaintiff's attorney stating that the demand for payment alleged in the complaint was made by him personally, there is nothing about the complaint to infer that counsel had personal knowledge of the making of the instrument sued upon or of its apparent assignment to plaintiff. Yet, his verification inexplicably states that he, the attorney, "knows the contents [of the complaint]; that the same is true to [his] own knowledge, except as to matters stated to be alleged on information and belief, and as to those matters [he] believes them to be true." The reference to matters alleged on information and belief is inapt since none of the three paragraphs contained in the complaint is stated on information and belief. The verification goes on to state, even more inaptly, that the complaint is being verified by the attorney and not by plaintiff because plaintiff is a corporation not located in the county where the attorney has his office. Nowhere is there the slightest suggestion in the record that a corporation is, or ever has been, involved in this matter in any way. Finally, the verification concludes by stating that "[t]he grounds of deponent's belief as to all matters not stated upon deponent's knowledge are communications with officers of the plaintiff and copies of plaintiff's records in your deponent's possession." Even if this

were true (and it cannot possibly be true, since plaintiff is not a corporation, and since the complaint does not purport to state any matters not on personal knowledge), it would serve only to demonstrate that plaintiff was not entitled to a default judgment since, as noted, an attorney's verification not made on personal knowledge cannot be used for purposes of obtaining a default judgment.

Plaintiff's attorney's use of an inapt form of corporate verification bearing no relationship to the matters being attested to cannot be disregarded as a mere irregularity. CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3215.22-3215.27). The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts. Here, plaintiff failed to meet even that minimal standard. His complaint, verified as it is by his attorney, is pure hearsay, utterly devoid of evidentiary value.

We note that defendant, in opposing the motion for a default judgment, did not bring the defective verification to Special Term's attention. This circumstance does not preclude a review of that defect and a reversal of Special Term's order. If plaintiff had made his motion for a default judgment without notice to defendant, as he contends he could have done, or if defendant had chosen to ignore the notice that plaintiff did give her of the motion, it still would have been incumbent upon Special Term to review the motion papers for compliance with CPLR 3215. That defendant chose to oppose the motion on the ground of lack of jurisdiction should not be deemed a waiver of proof of the facts constituting the claim. Defendant should not be put in a worse position for having chosen to oppose the motion than she would have been in had she not opposed it. Concur—Sandler, J. P., Carro, Kassal, Ellerin and Wallach, JJ.