■ ANASTACIO MARTINEZ, Respondent, v WILLIAM REINER et al., Defendants, and HUNTS POINT LIVE POULTRY AND SLAUGHTERHOUSE, INC., Appellant. [961 NYS2d 116]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered September 26, 2011, which denied the motion of defendant Hunts Point Live Poultry and Slaughterhouse, Inc. to

vacate its default and for leave to serve its proposed verified answer, unanimously reversed, on the law, without costs, and the motion granted.

The complaint, which was verified by counsel, was "purely hearsay, devoid of evidentiary value, and thus insufficient to support entry of a judgment pursuant to CPLR 3215" (*Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006], citing *Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]; *Joosten v Gale*, 129 AD2d 531, 534-535 [1st Dept 1987]). In alleging only that plaintiff fell from a ladder while doing construction-related work, plaintiff's affidavit failed to provide the motion court with evidence sufficient to satisfy the court as to the prima facie validity of defendant's liability for the stated claims (*see Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 82 AD3d 674, 674 [1st Dept 2011], citing *Feffer*, 210 AD2d at 61; *Giordano v Berisha*, 45 AD3d 416 [1st Dept 2007]; CPLR 3215 [f]). Accordingly, the default order entered was a nullity (*see Natradeze v Rubin*, 33 AD3d 535 [1st Dept 2006]), and defendant's remaining contentions, including its claim that it demonstrated a reasonable excuse for its default and a meritorious defense, need not be reached. Concur—Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.