Bellino v Doromet, Inc. (2024 NY Slip Op 50502(U))

[*1]

Bellino v Doromet, Inc.

2024 NY Slip Op 50502(U)

Decided on April 30, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2024
Supreme Court, New York County

Steven Bellino, Plaintiff,

against
Doromet, Inc., FRANK GIANNUZZI, and BRUBEYK GARCIA NASCIMENTO, Defendant.

Index No. 655873/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 104, 105, 106, 107, 108, 109, 110 were read on this motion to/for JUDGMENT - DEFAULT .
In this action arising from a business venture among the parties to import gold from South America, plaintiff asserts nine causes of action, including breach of contract, fraud, breach of the covenant of good faith and fair dealing, conversion, and unjust enrichment. In motion sequence number 008, plaintiff moves pursuant to CPLR 3215 for default judgment against defendant Brubeyk Garcia Nascimento (Garcia) for failure to answer or appear in the action. For the reasons set forth herein, the motion is denied.
I. BACKGROUND
The following facts are taken from plaintiff's affidavit submitted with this motion.
Between 2019 and 2020, plaintiff and defendant Frank Giannuzzi set up the company Doromet, Inc. (Doromet), also defendant herein, to engage in a business venture to import precious metals from South America to the United States.
From April 2019 to August 2020, plaintiff made a series of capital contributions to fund Doromet. Accounting for two disbursements, plaintiff's net capital contribution to Doromet was $550,000. In December 2019, Giannuzi and plaintiff met with defendant Garcia to discuss Garcia's role as a supplier of gold to Doromet for importation from Brazil to the United States. Garcia represented that he would supply the gold in compliance with all necessary legal requirements of Brazil and the United States.
Based on Garcia's representations, some time between December 2019 and April 2021, Doromet paid Garcia $1 million, $500,000 of which was attributable to plaintiff's $550,000 capital contribution to Doromet.
However, Garcia's first shipment of gold to the United States to Doromet was seized by the Brazilian government due to alleged non-compliance with Brazilian export requirements. The gold remains impounded by the Brazilian government. Despite plaintiff's request for return of $500,000 to him on April 30, 2021 (see plaintiff's aff, exhibit 3), Garcia has not returned the amount to date.
Plaintiff commenced this action on October 7, 2021, asserting nine causes of action for (1) breach of fiduciary duties; (2) equitable accounting; (3) statutory accounting; (4) breach of [*2]the covenant of good faith and fair dealing; (5) conversion; (6) unjust enrichment; (7) fraud; (8) breach of contract; and (9) dissolution. Defendants Doromet and Giannuzzi answered in November 2021. The court granted three motions by plaintiff for extensions of time to serve Garcia, providing until May 1, 2023 to complete service (see motion seq. nos. 001, 003, 006). According to plaintiff's affidavit of service upon Garcia and the certificate of service from the Brazilian Central Authority (NYSCEF doc. no. 90), the Brazilian Central Authority for the Hague Convention served the summons and complaint personally upon Garcia on December 15, 2022. Defendant Garcia has not answered or appeared in the action to date.
On July 19, 2023, plaintiff filed the instant motion, which is unopposed.

 II. DISCUSSION
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Services, Inc., 89 AD3d 649 [2d Dept 2011], citing CPLR 3215 [f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720 [2d Dept 2008]). "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]; see Martinez v Reiner, 104 AD3d 477, 478 [1st Dept 2013]).
Initially, the court notes that, in its memorandum in support of this motion, plaintiff makes no argument as to the merits of its claims, discussing only Garcia's failure to answer despite due service pursuant to the Hague Convention. Since, as observed above, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown" (Joosten v Gale at 535; see Martinez v Reiner at 478), the movant bears the burden of demonstrating its prima facie entitlement to the relief requested.
Plaintiff submits an affidavit of plaintiff Steven Bellino, a screenshot of an excel spreadsheet that plaintiff avers accurately records bank wire transfers plaintiff made to Doromet, Inc. and MBLT Consulting Group from April 18, 2019 to August 13, 2020, and a copy of an email plaintiff sent defendants Garcia and Giannuzzi requesting the return of $550,000. The court notes that the complaint is unverified and is therefore ineligible for consideration upon this motion (see Henriquez by Henriquez v Purins, 245 AD2d 337, 338 [2d Dept 1997]).
In addition, although plaintiff seeks default judgment against Garcia generally, only the sixth claim for unjust enrichment involves Garcia at all. As plaintiff submits no proof demonstrating a fiduciary relationship between plaintiff and Garcia, he fails to show that his claims for breach of fiduciary duty, equitable accounting, or statutory accounting are viable against Garcia. Likewise, plaintiff fails to submit proof that any agreement exists between plaintiff and Garcia; thus, his claims for breach of the covenant of good faith and fair dealing and breach of contract cannot lie as against Garcia. There is also no indication that Garcia is part of any partnership involving plaintiff, and, naturally, no claim can lie as against Garcia for dissolution of a partnership. In addition, plaintiff does not show, or even allege, that Garcia made any fraudulent representations to plaintiff regarding any existing fact.
In his unjust enrichment claim, plaintiff asserts that Garcia "continue[s] to hold and use Plaintiff's financial investment of $550,000 without paying interest on the money." Yet, plaintiff fails to demonstrate the elements of an unjust enrichment claim, which are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good [*3]conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). Specifically, plaintiff fails to show that Garcia was enriched at plaintiff's expense, as he fails to show that Garcia injured him individually in this transaction. Doromet was the party that paid Garcia, and, thus, the party that was ultimately injured.
Indeed, in this court's view, based on the language of the complaint and plaintiff's affidavit in support of this motion, it is plain that plaintiff lacks standing to bring an unjust enrichment claim against Garcia. When a corporation is injured, "a shareholder has no individual cause of action, though he loses the value of his investment" (Abrams v Donati, 66 NY2d 951, 953 [1985]). Although "[e]xceptions to that rule have been recognized when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged" (id.), no such independent wrong against plaintiff has been demonstrated here.
Thus, plaintiff has failed to demonstrate, through adequate proof, the prima facie validity of his unjust enrichment claim as against Garcia.
Accordingly, it is hereby
ORDERED that plaintiff's motion for default judgment is denied in its entirety.
DATE April 30, 2024
ROBERT R. REED, J.S.C.