| |
|---|
| **Carpio v 700 Third Ave. Assoc., LLC** |
| 2024 NY Slip Op 31971(U) |
| June 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No, 161070/2022 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>HON. JUDY H. KIM</u> | **PART** 04 |
| *Justice* | |

-------------------------------------------------------------------------------X

RICARDO CARPIO,

                      Plaintiff,

- v -

700 THIRD AVENUE ASSOCIATES, LLC, KASSIS
MANAGEMENT INC., ARNOLD SHOE REPAIR, INC.,

                      Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161070/2022 |
| **MOTION DATE** | 05/30/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for         <u>         JUDGMENT - DEFAULT         </u>.

Upon the foregoing documents, plaintiff's motion for a default judgment as against defendants 700 Third Avenue Associates, LLC and Kassis Management Inc. (collectively, the "Moving Defendants") is denied and the Moving Defendants' cross-motion to compel plaintiff to accept their late Answer is granted.

## FACTUAL BACKGROUND

Plaintiff commenced this action on December 27, 2022, alleging that, while repairing telephone lines in the basement of 168 East 44th Street, he slipped and fell due to an accumulation of water from leaking pipes and sustained injuries (NYSCEF Doc. No. 1 [Complaint at ¶9]). Kassis Management Inc. was served on January 9, 2023, by service on the New York State Secretary of State (NYSCEF Doc. No. 5). 700 Third Avenue Associates, LLC was served in the same manner on February 22, 2023 (NYSCEF Doc. No. 6).

Plaintiff filed the instant motion on May 30, 2023. In support of the motion, he submits an affidavit of merit in attesting that:

> On July 23, 2021, I sustained serious personal injuries while lawfully in the basement of the premises known as 168 East 44th Street, New York, New York 10017 to repair telephone wires and I was caused to slip mad fall due to an accumulation of water from leaking from the pipes.

> Based upon the personal injuries and economic loss that I have sustained as a result of the negligence of the defendants herein, I believe that 1 have a meritorious cause of action against the defendants, 700 Third Avenue Associates, LLC and Kassis Management Inc.

(NYSCEF Doc. No. 13 [Aff. of Merit at ¶¶2-3]).

On January 19, 2024, the Moving Defendants filed their opposition to plaintiff's motion, and cross-moved to compel plaintiff to accept their untimely Answer, also filed on that date. In their opposition, the Moving Defendants explain that their delay in answering was because they did not receive the summons and complaint until January 18, 2024, as the Moving Defendants' corporate addresses listed with the New York State Secretary of State were out-of-date at the time of plaintiff's service (NYSCEF Doc. No. 31 [Fippinger Affirm. in Opp. at ¶¶12-13]).

### DISCUSSION

In order to establish his entitlement to a default judgment pursuant to CPLR §3215, plaintiff must submit proof of: (1) service of the summons and complaint; (2) the facts constituting the claim; and (3) defendants' default in answering or appearing (See Gordon Law Firm, P.C. v Premier DNA Corp., 205 AD3d 416, 416 [1st Dept 2022]).

"CPLR §3215 does not contemplate that default judgments are to be rubberstamped once jurisdiction and a failure to appear has been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Feffer v Malpeso, 210 AD2d 60, [1st Dept 1994]). "The standard of proof is not stringent, amounting only to some

firsthand confirmation of the facts" (Id.). An affidavit of merit setting forth only vague and conclusory assertions is insufficient to satisfy this standard (See Peacock v Kalikow, 239 AD2d 188, 190 [1st Dept 1997]).

In this case, plaintiff has not established proof of the facts constituting his claim, as his affidavit of merit fails to set forth, with specificity, the manner in which each of the Moving Defendants' was negligent and how such negligence caused plaintiff's injuries (See Martinez v Reiner, 104 AD3d 477 [1st Dept 2013]; see also Onewest Bank, FSB v Deutsche Bank, 2013 NY Slip Op 34237[U] [Sup Ct, Bronx County 2013] [an affidavit of merit "cannot be premised on a surmise or on speculation, even if a reasonable probability supports such assertion"]). Accordingly, plaintiff's motion is denied.

The Moving Defendants' cross-motion is granted. CPLR §3012(d) permits a court to extend any party's time to plead or compel acceptance of an untimely pleading after considering "the length of the [movant's] delay, the excuse offered, the extent to which the delay was willful, the possibility of prejudice to adverse parties, and the potential merits of any defense" (Emigrant Bank v Rosabianca, 156 AD3d 468, 472 [1st Dept 2017]). In this case, while the Moving Defendants' delay in answering was significant and their excuse for this delay—an outdated address on file with the Secretary of State—is less than compelling (See Crespo v A.D.A. Mgt., 292 AD2d 5 [1st Dept 2002]), the foregoing is outweighed by plaintiff's failure to establish any prejudice by the delay (and plaintiff's months-long delay in moving for a default judgment) and defendants' potentially meritorious defenses, in light of the State's strong preference for resolving cases on the merits (See Harrison v 345 Lenox, LLC, 2022 NY Slip Op 34160[U] [Sup Ct, NY County 2022]; see also Sanchez v Frederic Fekkai (Mark NY) LLC, 2022 NY Slip Op 32774[U] [Sup Ct, NY County 2022]).

Accordingly, it is

**ORDERED** that plaintiff's motion for a default judgment is denied; and it is further

**ORDERED** that 700 Third Avenue Associates, LLC and Kassis Management Inc.'s cross-motion is granted and their Answer dated January 18, 2024 (NYSCEF Doc. No. 27) is deemed timely filed and served nunc pro tunc; and it is further

**ORDERED** that counsel for 700 Third Avenue Associates, LLC and Kassis Management Inc. shall serve a copy of this decision and order, with notice of entry, upon plaintiff as well as the Clerk of the Court and the Clerk of the General Clerk's Office within ten days of the date of this decision and order; and it is further

**ORDERED** that the parties are to appear in Part 4 (80 Centre Street, room 308) for a preliminary conference on August 16, 2024 at 10:00 am.

This constitutes the decision and order of the Court.

| | | | | | |
|---|---|---|---|---|---|
| **6/6/2024** | | | | HON. JUDY H. KIM, J.S.C. | |
| **DATE** | | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |