Marcus v Marcus (2024 NY Slip Op 05489)

Marcus v Marcus

2024 NY Slip Op 05489

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 655568/21 Appeal No. 2977 Case No. 2023-03367 

[*1]Jeffrey Marcus etc. et al., Plaintiffs-Appellants,
v
Jack Marcus et al., Defendants-Respondents.

The Law Offices of Jason J. Rebhun, P.C., New York (Jason J. Rebhun of counsel), for appellants.
Vishnick McGovern Milizio LLP, Lake Success (Jordan M. Freundlich of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about December 5, 2022, which denied plaintiff Jeffrey Marcus's motion, individually and derivatively on behalf of various business entities, to renew his prior motion for a default judgment, unanimously affirmed, without costs.
Plaintiff Jeffrey Marcus is one of five brothers who own equal shares in various business entities (the family entities). He alleges that his brother Jack Marcus is in "control" of the family entities and has used his position to direct some of the family entities to transfer millions of dollars in no-interest loans to a company Jack owns. Plaintiff also alleges that Jack has failed to pay him certain distributions from the family entities. He brings a variety of causes of action on his own behalf and derivatively on behalf of the family entities against Jack and other defendants, including breach of fiduciary duty, waste, conversion, unjust enrichment, among others. Defendants did not answer or appear.
Plaintiff initially moved for a default judgment pursuant to 3215(f) in January 2022. Defendants did not submit opposition. Supreme Court denied the motion without prejudice because plaintiff failed to establish entitlement to the relief sought. Among other infirmities, the decision pointed out that the complaint contained large gaps in the allegations necessary to undergird the causes of action.
In May 2022, plaintiff moved for reargument, submitting his own affirmation and appending a number of tax records, organizational documents, and unsworn submissions from an accountant who works for both Jack and the family entities. Once again, defendants submitted no opposition.[FN1] Supreme Court properly denied plaintiff's motion to renew his motion for a default judgment, as plaintiff again failed to meet the minimal standard of CPLR 3215(f) (see e.g. Joosten v Gale , 129 AD2d 531, 534 [1st Dept 1987]; see also Woodson v Mendon Leasing Corp. , 100 NY2d 62, 70-71 [2003]). Plaintiff's latest submissions do not substantiate the complaint's conclusory allegations regarding the loans; and he has not shown "the prima facie validity of the uncontested" causes of action (Joosten , 129 AD2d at 535), or raised "enough facts to enable" this Court to determine that viable causes of action exist (Woodson , 100 NY2d at 71). Even if they were competent evidence, the accountant's worksheets are insufficient to show plaintiff was entitled to interest income. Nor do those worksheets demonstrate that plaintiff received less in distributions than his brothers received. Further, plaintiff did not provide all agreements that he alleges entitle him to distributions or specify how the agreements he did provide were allegedly breached.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024

Footnotes

Footnote 1: After moving to adjourn this appeal so that they could submit a brief in opposition to this Court, defendants did submit a brief, and plaintiff has not objected.