| |
|---|
| **Global Operations Sec. Servs. Inc. v Trivino** |
| 2026 NY Slip Op 30827(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161468/2024 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MATTHEW V. GRIECO**              PART                    **30M**

*Justice*

-----------------------------------------------------------------------X

GLOBAL OPERATIONS SECURITY SERVICES INC. A/K/A
GLOBAL OPERATIONS A/K/A GLOBAL OPS,

                         Plaintiff,

- v -

GILMER TRIVINO, ALFONSO GUERRERO

                         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161468/2024 |
| MOTION DATE | 09/13/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for                         JUDGMENT - DEFAULT      .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a default judgment is granted as to liability only.

On December 6, 2024, plaintiff Global Operations Security Services Inc. a/k/a Global Operations a/k/a Global Ops, commenced this action by filing a summons with notice, alleging that defendants, Gilmer Alberto Trivino and Alfonso Guadalupe Vargas Guerrero had converted $1,463,927.71 of plaintiff's funds (NYSCEF Doc. No. 1).

On September 11, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 against both defendants (NYSCEF Doc. Nos. 6-7). To date, neither defendant has answered or appeared.

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the

**161468/2024  GLOBAL OPERATIONS SECURITY SERVICES INC. A/K/A  GLOBAL OPERATIONS
A/K/A GLOBAL OPS vs. TRIVINO, GILMER ALBERTO ET AL
Motion No.  001**

Page 1 of 4

[* 1]

claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

Where a sum certain is sought, the movant must also establish the amount due (*see* CPLR 3215[f]; *Chase Manhattan Bank (Natl. Assn.) v Evergreen Steel Corp.*, 91 AD2d 539 [1st Dept 1982]).

Here, plaintiff has established proper service on both defendants pursuant to CPLR 308(4), "nail and mail," including an affidavit of non-military service (*see Matter of Petre v Lucia*, 205 AD3d 438 [1st Dept 2022]) (NYSCEF Doc. Nos. 2-5).

In support of the motion, plaintiff has submitted, *inter alia*, an affirmation from Amit Levi, its executive vice president and general counsel, attesting to certain facts upon personal knowledge or review of corporate books and records (NYSCEF Doc. No. 7). Plaintiff has also submitted screenshots, purportedly showing a text message exchange between Levi and defendant Guerrero, in which Guerrero admits to some form of "overpaid hours," which he promised to pay back (NYSCEF Doc. No. 10).

Plaintiff has sufficiently established that: defendant Trivino worked for it as a bookkeeper from August 25, 2020 to December 19, 2021, and Guerrero as a security guard from February 22, 2021 to December 26, 2021; both had access to company bank accounts, payroll systems, and credits; and, working together, they forged company

**161468/2024  GLOBAL OPERATIONS SECURITY SERVICES INC. A/K/A  GLOBAL OPERATIONS**     **Page 2 of 4**
**A/K/A GLOBAL OPS vs. TRIVINO, GILMER ALBERTO ET AL**
**Motion No.  001**

[* 2]
2 of 4

checks, made unauthorized credit card charges, created fictitious expenses, manipulated payroll records, issued unauthorized payments to themselves and associates, and falsified financial records to conceal their actions, to convert company funds.

No filings by either defendant appear in NYSCEF, and plaintiff's counsel affirms that defendants have not answered or appeared in this action (NYSCEF Doc. No. 11).

Accordingly, plaintiff has met its burden under CPLR 3215(f) on liability on its conversion claim (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006] ["A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession]).

As to damages, however, Levi merely states, without elaboration, that defendants converted a total of $1,463,927.71 in company funds (NYSCEF Doc. No. 7 at 4-5). Counsel, who lacks personal knowledge, provides slightly greater detail in breaking down that number to $792,875.99 in unauthorized expenditures and $671,051.72 in unauthorized wages (NYSCEF Doc. No. 11 at 2). No business records have been offered on the motion. Plaintiff has not put forth enough proof regarding the claimed amount due (*see JPMorgan Chase Bank, NA v Horsfield*, 227 AD3d 790 [2d Dept 2024]), and the matter is therefore referred to a special referee to conduct an inquest.

It is therefore

ORDERED that plaintiff's motion for default judgment is granted as to liability against both defendants; and it is further

ORDERED that the amount of damages to be assessed as against defendants is referred for determination pursuant to CPLR 3215(b) to a Special Referee, and that within 60 days from the date of this order plaintiff shall cause a copy of this order with

161468/2024 GLOBAL OPERATIONS SECURITY SERVICES INC. A/K/A GLOBAL OPERATIONS Page 3 of 4
A/K/A GLOBAL OPS vs. TRIVINO, GILMER ALBERTO ET AL
Motion No. 001

[* 3] 3 of 4

notice of entry, including proof of service thereof, to be filed with the Special Referee

clerk (Room 119M, 646-386-3028 or spref@nycourts.gov), to arrange a date for a

reference to determine pursuant to CPLR 4317(b); and it is further

ORDERED that pursuant to CPLR 3215(b) the Clerk is directed to enter

judgment in favor of plaintiff, and against defendants, in accordance with the report of

the Special Referee, without any further application.

This constitutes the decision and order of the Court.

| 3/3/2026 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **MATTHEW V. GRIECO, J.S.C.** | | |
| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | **X** GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161468/2024  GLOBAL OPERATIONS SECURITY SERVICES INC. A/K/A  GLOBAL OPERATIONS** **Page 4 of 4**
**A/K/A GLOBAL OPS vs. TRIVINO, GILMER ALBERTO ET AL**
**Motion No.  001**

4 of 4