| |
|---|
| **Government Empls. Ins. Co. v Apple Physical Therapy & Acupuncture, PLLC** |
| 2026 NY Slip Op 30820(U) |
| March 4, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 152919/2025 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MATTHEW V. GRIECO**      PART      30M

*Justice*

-------------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY,

         Plaintiff,

- v -

APPLE PHYSICAL THERAPY AND ACUPUNCTURE, PLLC,BRUCE L FELDMAN M.D., PLLC,CITI EXPRESS PHARMACY AND MEDICAL SUPPLIES, LLC,DG ACUPUNCTURE, P.C.,EXAMPLE SUPPLY, INC.,FULTON COMPREHENSIVE CARE NP FAMILY HEALTH, P.C.,GLENMORE MEDICAL, P.C.,GOOD SAMARITAN HOSPITAL, HEALTH RECOVERY ORTHO CORP, KOHLER INTERVENTIONAL PAIN MEDICINE, PLLC,MEDEX DIAGNOSTIC AND TREATMENT CENTER, LLC,OCEAN RADIOLOGY, P.C.,PEOPLE'S CHOICE MEDICAL SUPPLIES, INC.,TWELVE STEPS CHIROPRACTIC, P.C.,WATER BAY REHAB P.T., P.C.,WILLIS EQUIPMENT CORPORATION, JEAN ADAM, JOSUE ADAM

         Defendant.

-------------------------------------------------------------------X

INDEX NO.      152919/2025

MOTION DATE      10/28/2025

MOTION SEQ. NO.      001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 42

were read on this motion to/for      JUDGMENT - DEFAULT      .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a default judgment is granted in part and denied in part.

On March 4, 2025, plaintiff, Government Employees Insurance Company, Including Its Subsidiaries and Affiliates, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company ("GEICO"), commenced this action for a declaratory judgment that it owes no duty to pay any no-fault claims arising out of

152919/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. APPLE PHYSICAL THERAPY AND ACUPUNCTURE, PLLC ET AL
Motion No. 001

Page 1 of 5

a motor vehicle collision that allegedly occurred on August 21, 2024, on the ground that claimants defendants Jean Adam and Josue Adam each failed to appear for duly and properly requested examinations under oath ("EUOs") on two separate occasions, which constituted a violation of a condition precedent to coverage by the terms of the policy and under the no-fault regulations (NYSCEF Doc. No. 1 [Summons and Complaint]).

Defendants Kohler Interventional Pain Medicine, PLLC ("Kohler"), Apple Physical Therapy & Acupuncture, PLLC ("Apple"), Bruce L. Feldman M.D., PLLC ("Feldman"), and DG Acupuncture, P.C ("DG") filed answers, which plaintiff accepted (NYSCEF Doc. Nos. 18, 21).

Defendant Health Recovery Ortho Corp. ("Health Recovery") filed an answer with counterclaims on May 15, 2025 (NYSCEF Doc. No. 19), which plaintiff rejected as untimely (NYSCEF Doc. No. 20).

On October 28, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 against all defendants except: the four whose answers it had accepted (Kohler, Apple, Feldman, and DG), and the two claimants and defendant Example Supply, Inc. ("Example") (whom plaintiff had been unable to serve despite diligent efforts) (NYSCEF Doc. Nos. 23-24).

Defendant Fulton Comprehensive Care NP Family Health, P.C. ("Fulton") subsequently filed an answer with counterclaims on November 17, 2025 (NYSCEF Doc. No. 38), which plaintiff rejected as untimely (NYSCEF Doc. 39).
Defendants Health Recovery and Fulton jointly oppose the default motion, arguing, under CPLR 3012(d), that they have a reasonable excuse for late service of their answers, and that plaintiff would not be prejudiced by accepting them, although they

152919/2025  GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS        Page 2 of 5
SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. APPLE PHYSICAL THERAPY
AND ACUPUNCTURE, PLLC ET AL
Motion No. 001

2 of 5

have not actually cross-moved under that provision to compel acceptance (NYSCEF Doc. No. 41). As to the reasonable excuse, Health Recovery and Fulton point to a New York Law Journal article of November 29, 2023, titled: "Secretary of State Admits to Delays in Mailing Documents Served on Corporate Defendants, Prejudicing Plaintiffs' Ability to Obtain Default Judgments" (NYSCEF Doc. No. 42). They note that they were served through the Secretary of State, but do not deny receipt of the summons and complaint, or offer any basis to conclude that the reported conditions persist at that department.

Nevertheless, the Court may, in the interest of justice, and even *sua sponte*, deem a late answer timely filed (*see Morales v American United Transp., Inc.*, 214 AD3d 415 [1st Dept 203]; *New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463 [1st Dept 2012]). Here, there is no prejudice, particularly in light of plaintiff's acceptance of the apparently late answers of Apple, Feldman, and DG, and the unavailability of default judgment against timely answering Kohler, or the unserved claimants and Example. Accordingly, the Court will deem the answers of Health Recovery and Fulton timely filed (*see id.*).

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by

152919/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. APPLE PHYSICAL THERAPY AND ACUPUNCTURE, PLLC ET AL
Motion No. 001

Page 3 of 5

3 of 5

[* 3]

affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

The "failure of a person eligible for no-fault benefits to appear for a properly noticed Examination Under Oath (EUO) on two separate occasions constitutes a breach of a condition precedent and will vitiate coverage. This coverage defense will apply to any claims, and is not determined on a bill by bill basis" (*PV Holding Corp. v AB Quality Health Supply Corp.*, 189 AD3d 645, 646 [1st Dept 2020] [internal quotes and cites omitted]).

Here, plaintiff has demonstrated that it is entitled to a default judgment against the served non-answering defendants by submitting, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 1); affidavits of service and additional service in complaint with CPLR 3215(g)(4) (NYSCEF Doc. Nos. 4, 7-8, 11-16, 22); an affirmation of a GEICO claims adjuster, attesting to files maintained in this case, including claims received from or on behalf of the two claimants, GEICO's standard business and mailing practices, and the reasons GEICO sought EUOs for both claimants (NYSCEF Doc. No. 25); an affirmation of a GEICO EUO coordinator, attesting to the timely mailing and scheduling of at least two EUOs for each of the claimants, and both claimants' failure to appear at any EUO (NYSCEF Doc. No. 26); the EUO notices and transcripts memorializing non-appearance (NYSCEF Doc. Nos. 31-32); a police accident report (NYSCEF Doc. No. 29); no-fault claims forms (NYSCEF Doc. No. 30); and an attorney affirmation in support of the motion (NYSCEF Doc. No. 24).

It is therefore

152919/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. APPLE PHYSICAL THERAPY AND ACUPUNCTURE, PLLC ET AL Motion No. 001

Page 4 of 5

4 of 5

[* 4]

ORDERED that plaintiff's motion for default judgment is granted as to defendants Citi Express Pharmacy and Medical Supplies, LLC, Glenmore Medical, P.C., Good Samaritan Hospital, Medex Diagnostic and Treatment Center, LLC, Ocean Radiology, P.C., People's Choice Medical Supplies, Inc., Twelve Steps Chiropractic, P.C., Water Bay Rehab P.T., P.C., and Willis Equipment Corporation; and it is further

ORDERED that the answers of defendants Health Recovery Ortho Corp. and Fulton Comprehensive Care NP Family Health, P.C. are deemed timely filed; and it is further

ORDERED that plaintiff's motion for default judgment is denied as to defendants Fulton Comprehensive Care NP Family Health, P.C.; and it is further

ORDERED that the Clerk is directed to enter judgment declaring that plaintiff, GEICO, has no duty to provide no-fault reimbursements to the defaulting defendants for any claim or bill submitted by or on behalf of claimants Jean Adam and Josue Adam arising out of the alleged incident of August 21, 2024, referenced by GEICO claim number 8721497100000001.

| 3/4/2026 | | | |
|---|---|---|---|
| **DATE** | | **MATTHEW V. GRIECO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

152919/2025 GOVERNMENT EMPLOYEES INSURANCE COMPANY, INCLUDING ITS SUBSIDIARIES AND AFFILIATES, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GEICO CASUALTY COMPANY vs. APPLE PHYSICAL THERAPY AND ACUPUNCTURE, PLLC ET AL
Motion No. 001

Page 5 of 5

5 of 5