| **State Farm Mut. Auto. Ins. Co. v Spriggs** |
|:---:|
| 2026 NY Slip Op 30788(U) |
| March 9, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No: 153587/2025 |
| Judge: Matthew V. Grieco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK NEW
YORK COUNTY

PRESEN   HON. MATTHEW V. GRIECO          PART          30M
                            *Justice*

-------------------------------------------------------X    INDEX NO.      153587/2025

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                          MOTION
                                                           DATE          01/29/2026

                              Plaintiff,

                                                           MOTION
                - v -                                       SEQ. NO.         001

LETECIA SPRIGGS, ASPEN MEDICAL SUPPLIES
INC, CHAI DIAGNOSTICS, LLC,CHURCH
AVENUE MEDICAL REHABILITATION, PC,
CROSS BAY ORTHOPEDIC SURGERY, PC, FIND
DIAGNOSTIC CHIROPRACTIC PC, MIDDLE
NECK MED SUPPLY INC, MOSAIC DIAGNOSTIC
IMAGING, PLLC, NEW HORIZON SUPPLY INC,          DECISION + ORDER ON
NYEEQASC, LLC, ORTHOCARE SUPPLIES INC,               MOTION
PHARMATOPIA INC, SEDATION VACATION
PERIOPERATIVE MEDICINE PLLC, SEFWAT
SHENOUDA, SKY RADIOLOGY, PC, SOUTH
BRONX MEDICAL REHABILITATION, PC, U.K.
SINHA PHYSICIAN, PC, ULTIMATE RX
PHARMACY, INC

                              Defendant.

-------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 37,
38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55
were read on this motion to/for                  JUDGMENT - DEFAULT                  .

Upon the foregoing documents, and for the reasons stated infra, plaintiff's

motion for a default judgment is denied without prejudice to renew.

On March 18, 2025, plaintiff, State Farm Mutual Automobile Insurance Company

("State Farm"), commenced this action for a declaratory judgment that it owes no duty

to pay any no-fault claims arising out of a motor vehicle collision that allegedly occurred

on August 9, 2024, on the ground that claimant defendant Letecia Spriggs materially

**153587/2025   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. SPRIGGS,      Page 1 of 4**
**LETECIA ET AL**
**Motion No.  001**

1 of 4

misrepresented her residential address in order to pay lower premiums, which constituted a breach of the no-fault regulations and violation of the policy (NYSCEF Doc. No. 1 [Summons and Complaint]).

The following defendants filed answers: claimant defendant Leticia Spriggs (March 28, 2026, NYSCEF Doc. No. 2); Aspen Medical Supplies Inc., Church Avenue Medical Rehabilitation, P.C., and South Bronx Medical Rehabilitation, P.C. (May 1, 2025, NYSEF Doc. No. 24); New Horizon Supply Inc. and Sefwat R. Shenouda, PT, a/k/a Safwat R. Shenouda, PT (July 3, 2025, NYSCEF Doc. No. 30); and Pharmatopia Inc. (July 22, 2025, NYSCEF Doc. No. 31).

On September 30, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 (NYSCEF Doc. Nos. 37-50) against all non-answering defendants (i.e. Chai Diagnostics, LLC, Cross Bay Orthopedic Surgery, P.C., Find Diagnostic Chiropractic, P.C., Middle Neck Med Supply Inc., Mosaic Diagnostic Imaging, PLLC, Nyeeqasc, LLC, Orthocare Supplies Inc., Sedation Vacation Perioperative Medicine PLLC a/k/a Sedation Vacation Periop Med, PLLC, Sky Radiology, P.C., U.K. Sinha Physician, P.C., and Ultimate Rx Pharmacy, Inc.).

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by

[* 2]

affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

A no-fault claim may be properly denied based on a claimant's material misrepresentation (*see e.g. Liberty Mutual Insurance Company v Valera,* 208 AD3d 1104 [1st Dept 2022]; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293, 298-299 [2d Dept 2000]). "A misrepresentation in an insurance application is material, voiding the policy ab initio, if, had the true facts been known, either the insurer would not have issued the policy or would have charged a higher premium" (*Starr Indem. & Liab. Co. v Monte Carlo, LLC*, 190 AD3d 441, 441–42 [1st Dept 2021], *lv dismissed* 37 NY3d 932 [2021]).

Here, plaintiff has submitted, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 1); affidavits of service (NYSCEF Doc. Nos. 4-21, 23); copies of the MV-104 reports of motor vehicle accident (NYSCEF Doc. Nos. 44-45); no-fault claims forms (NYSCEF Doc. No. 45, 47); EUO letters (NYSCEF Doc. No. 48, 50); an EUO transcript (NYSCEF Doc. No. 49); an affirmation of a State Farm investigator regarding the alleged material misrepresentation (NYSCEF Doc. No. 42); and an affirmation of counsel in support of the motion (NYSCEF Doc. No. 38).

Plaintiff has established proper service through the affidavits of service and additional service required by CPLR 3215(g)(4) (NYSCEF Doc. Nos. (40-41).

As to the facts constituting the claim, however, plaintiff has not presented an affidavit or affirmation from an individual with personal knowledge (such as an underwriter) representing that, had Spriggs provided her true home address on the insurance application, the premium amount would have been different (*compare*

**153587/2025  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. SPRIGGS, LETECIA ET AL**          Page 3 of 4
**Motion No. 001**

*Liberty Mut. Ins. Co. v Brutus,* 76 Misc3d 1201[A] [Sup Ct, NY County 2022]). The affirmations of the investigator and counsel, referencing the difference in premiums, are insufficient (*see also Valera,* 208 AD3d at 1108 ["The affidavit of the insurers' underwriter is conclusory and not supported by relevant documentary evidence such as underwriting manuals, rules, or bulletins"]).

Accordingly, it is

ORDERED that plaintiff's motion for a default judgment is denied, without prejudice to renew.

This constitutes the Decision and Order of the Court.

| 3/9/2026 | | | | | |
|----------|--|--|--|--|--|
| DATE | | | MATTHEW V. GRIECO, J.S.C. | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |